HIRAM VROOMAN *et al. vs.* CHARLES M. ARNOLD, Clerk.

APRIL 30, 1908.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Claim of Jury Trial on Question of Law From District Court.*

A claim for jury trial is not an appropriate proceeding to bring up for review questions of law only which appear on the record in an action in a District Court not heard on its merits.

(2)  *Mandamus.   Jury Trial on Question of Law from District Court.*

*Mandamus* will not lie to compel the clerk of a District Court to certify papers, on a claim for jury trial, where a District Court has decided, without hearing a case on its merits, that, as a matter of law appearing on the face of the record, the case is not within the jurisdiction of the court.

(3)  *Writ of Error to Review Decision of District Court on Question of Law.*

*Semble:* Since no exception can be taken to a decision of a District Court, a writ of error under C. P. A. § 2, is available as an appropriate proceeding for a party seeking to review in the Supreme Court the judgment of a District Court based solely on questions of law.

MANDAMUS.   Heard on petition for writ, and denied.

BLODGETT, J.   The petitioner seeks a writ of *mandamus* against the respondent Arnold, as clerk of the District Court of the Twelfth Judicial District, to require him to certify to the Superior Court the papers in a claim for jury trial, made by the petitioners, upon a decision of said District Court dismissing, for lack of jurisdiction, an action of trespass and ejectment for the

recovery of possession of certain premises in the town of North. Smithfield.

The District Court heard no evidence and did not consider the merits of the case, but decided that the case presented in the declaration was not such a case as was within its jurisdiction to try and determine; and so, for lack of jurisdiction only, dismissed the action without costs. Considering the decision of the District Court, that it was without jurisdiction in the premises, the respondent Arnold, as the clerk thereof, has declined to take action therein as desired by the petitioners.

We are not now, and in this proceeding, to review the propriety of the decision of the District Court on the question of its jurisdiction, but are to determine whether it is the duty of the clerk to certify the papers, as requested, on a claim of jury trial when that court has, without hearing a case on its merits, decided that, as matter of law appearing on the face of the record, the case is one not within the jurisdiction of the court to entertain.

On behalf of the petitioners it is contended that only in this way can the propriety of such action of the District Court be reviewed by this court, since exceptions no longer can be taken from the District Court to this court, but can only be taken from the Superior Court to the Supreme Court (C. P. A. § 481), and so they are deprived of all right to have a jury pass on the merits of the controversy between the parties, as well as to have the questions of law arising therein finally determined by this court. To this it is replied that it is beyond question—and this is conceded—that the Superior Court has original jurisdiction of the cause of action in question, wherein a jury trial may unquestionably be had as of right, and that it is not the function of a claim for jury trial from a District Court to the Superior Court to present for determination only pure questions of law, as it is also conceded that the question of the jurisdiction of the District Court is and must be. Without expressing an opinion on the ruling of the District Court in the case at bar, let a case be supposed in which an action of trespass and ejectment for land situated in Providence, in the Sixth Judicial District, and so averred in the declaration, has been

brought in the District Court of the Twelfth Judicial District, in which case it is conceded that the District Court would be without jurisdiction, and should properly dismiss the action on that ground.

The petitioners here claim that they would nevertheless have the right to claim a jury trial to the Superior Court, and if the clerk refused to certify the papers he should be required by *mandamus* to do so. We can not assent to this contention. In *Lewis* v. *Smith*, 21 R. I. 324, it was sought, by a claim for jury trial, to proceed with a case which had been dismissed by the District Court for failure to comply with an order of that court to furnish surety for costs, and the court held that such a proceeding could not be maintained and that the question should be brought up for review, by the then Appellate Division of the Supreme Court, by exceptions taken to the action of the District Court under the statute then in force—Gen. Laws, cap. 250, § 12—as follows: "Any party to a civil suit, or suit in form civil, commenced in any district court shall, if he deem himself aggrieved by any ruling or decision, of such court, on any matter of law raised by the pleadings, or apparent upon, or brought upon, the record by a bill of exceptions, be entitled to have such matter of law heard before and decided by the appellate division of the supreme court sitting at Providence; but if said case be one in a district court in Newport or Washington counties, the question shall be heard at Newport or South Kingstown, respectively. Exceptions shall be claimed in writing within five days after decision rendered, excepting as provided in section thirteen." And see *Denison* v. *Foster*, 18 R. I. 735.

The petitioners reply to this that the statute then in force has been changed, and hence they should be permitted to remove the case to the Superior Court by a claim for jury trial, from the rulings of which court exceptions can be taken on questions of law to this court.

To this contention it is sufficient to reply that neither the wording of the statute nor the functions of a claim for jury trial have been in the slightest particular changed, not to say enlarged, by the statute in that respect now in force; and it is

beyond question that the words, taken in their normal and usual sense, are not appropriate to bring up for review questions of law only which appear on the record in an action not heard on its merits. If .change in that respect is required it is a matter for legislative provision, if the legislature sees fit to so provide, and not for judicial straining of a provision intended for quite other purposes and heretofore held by this court to be inappropriate for the purpose now sought to be accomplished.

In *Newhall* v. *Egan*, 28 R. I. 584, 590, this court said: "The bill of exceptions given by our statute has practically superseded the writ of error, as by it the record can be brought before the court for examination before the entry of judgment, although the Supreme Court has power to issue the writ—Sec. 2, C. P. A." Since no exception can now be taken to a decision of a District Court, we are of the opinion that a writ of error is available as an appropriate proceeding for a party who seeks to review in this court, the judgment of a District Court based solely on questions of law.

The petition for the writ of *mandamus* is denied and dismissed.

*Robert Grieve and Edward M. Sullivan,* for petitioners.
*Marquis D. L. Mowry,* for respondent.