ARTHUR E. BISHOP *vs.* SUPERIOR COURT.

FEBRUARY 4, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This is a petition for a writ of *certiorari* to be directed to the Superior Court in the county of Kent requiring it to certify to this court its records relating to a cause in equity entitled "Sunshine Realty Corporation et al. *v.* Arthur E. Bishop" in order that so much of the record as is illegal may be quashed. The writ was issued as prayed for and the records have been certified to this court.

It appears that said cause in equity was brought to compel the specific performance of an agreement by this petitioner to convey to complainants several lots of land situated in the town of Warwick. After trial a decree was entered May 24, 1928, granting complainants' prayer for the conveyance of said land upon condition of the payment of $1,920 in cash on delivery of a sufficient deed of said land within forty days after the entry of said decree. Petitioner avers that within said forty days he tendered complainants a deed conveying all his right, title and interest in said land and that complainants refused to accept the deed because his wife did not release her right of dower in said land by executing said deed.

Complainants then filed a motion for a modification of the decree entered May 24. After hearing, a decree was entered July 7 suspending the time for the delivery of the deed and the payment therefor until the further order of the court. Said decree states that at the hearing it developed by statement of counsel and the facts that the respondent did not tender a deed conveying a good title, and that complainants asked for an opportunity to file a petition praying for a reduction in the purchase price of $1,920 because of the refusal or failure of respondent's wife to sign the deed releasing her right of dower in the land decreed to be conveyed; and the time for the delivery of the deed and the payment therefor was suspended until further order of the court. Thereafter, upon complainants' motion, and after hearing, a decree was entered December 13 referring the

cause to a master to determine the value of the inchoate right of dower of petitioner's wife in said land.

Petitioner then filed this petition for a writ of *certiorari* praying that said last two mentioned decrees be quashed for the reason that the Superior Court had no jurisdiction to enter the same.

We have said that the primary office of a writ of *certiorari* is to review the action of an inferior tribunal taken without jurisdiction, or in excess of the jurisdiction given to it; and such writ ordinarily does not lie to correct error in the exercise of jurisdiction. *Cohen* v. *Superior Court*, 39 R. I. 272.

The Superior Court had jurisdiction, for cause shown, to set aside the decree entered May 24, and reinstate the cause, or make new entry, as it might direct. § 5063, G. L. 1923. No transcript of what was said in the Superior Court at the hearing on the motion to modify said decree has been filed by the petitioner, and it does not appear that he objected to granting the motion or to the entry of the decree thereon. In the absence of proof to the contrary, we must presume that the statement in the decree that at the hearing on the motion "it developed by statement of counsel and the facts that the respondent did not tender a deed conveying a good title" was supported by admissions of counsel sufficient to justify the court in finding that cause had been shown for modifying its decree entered May 24. *Budlong* v. *District Court of the Sixth Judicial District*, 47 R. I. 232; *Colagiovanni* v. *District Court of the Sixth Judicial District*, 47 R. I. 323. On *certiorari* we will not examine the sufficiency of the evidence to support the finding of fact unless objection was taken to the evidence for incompetency so as to raise a legal question. *Keenan* v. *Goodwin*, 17 R. I. 649; *Lowrey* v. *Mayor of Central Falls*, 23 R. I. 354, *McCarthy* v. *Aldermen, Central Falls*, 38 R. I. 385; *Fainardi* v. *Dunn*, 46 R. I. 344.

The effect of the modification of the decree entered May 24, was to leave said cause subject to future orders and

16

decrees of the court. The decree entered December 13, referring the cause to a master to determine the value of the right of dower of petitioner's wife was an interlocutory decree from which there was no appeal. *Lederer, Trustee* v. *Rosen,* 43 R. I. 315; *Whipple et al* v. *Wales et al.,* 46 R. I. 81. If, after the entry of a final decree in said cause, petitioner deems himself aggrieved thereby, or by the decree entered December 13, he has a remedy expressly provided by appeal. It is settled that *certiorari* will not lie when other appellate remedy is provided. *Parker* v. *Superior Court,* 40 R. I. 214; *Chew* v. *Superior Court,* 43 R. I. 194; *Warren* v. *Superior Court,* 82 A. 129; *Baker* v. *City Council of Cranston,* 109 A. 423.

As it appears that the Superior Court had jurisdiction of the motion to modify said decree entered May 24, and did not act in excess of its jurisdiction, the writ of *certiorari* is quashed. The records and papers in the cause which have been certified to this court are ordered returned to said Superior Court in the county of Kent.

*Cooney & Cooney,* for petitioner.
*James J. McCabe,* for respondent.