GEORGE E. MEREWETHER, INC. *vs.* ALFRED H. EQUI.

MARCH 8, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J.   This is a petition by a garnishee for a writ of *certiorari* to be directed to the Seventh District Court requiring said court to send and certify to this court the records relating to the above entitled case.   The writ was issued and the cause has been heard.

The original action was begun by a writ of attachment returnable to said district court May 6, 1932.   The Harris Lumber Co. Inc. was duly served as garnishee and filed its affidavit as garnishee May 2, 1932.   The action was unanswered and was continued to May 20 when the defendant was defaulted.   The remainder of the jacket entry is as follows:  "Continued to July 15, 1932.   Decision for plaintiff for $540 and costs.   Question of charging garnishee continued till July 29, 1932.   July 29, 1932 garnishee charged in amount of $540."   Subsequent to the decision for plaintiff and prior to the charging of the garnishee, the person signing the garnishee's affidavit appeared in court in answer to a summons and was subjected to examination. (G. L. 1923, C. 351, s. 12.)   On July 29, the attorney for the garnishee by a written motion requested the court to note its conclusions of law and fact on its docket or to file

the same with the papers in the case in rendering its decision on plaintiff's motion to charge the garnishee. In compliance with this request, on the same day the court made and filed written findings of fact and charged the garnishee.

Section 1 of Chapter 344, General Laws 1923, provides that: "Upon default or submission of the defendant in any case at law, judgment shall be entered at any time thereafter on *ex-parte* motion and proper proof of claim. In answered cases, in district courts, for possession of tenements let or held at will or by sufferance, judgment shall be entered on the second day (exclusive of Sundays and legal holidays) after rendition of decision, and in all other answered cases, in any court, judgment shall be entered on the seventh day following the day of the rendition of the verdict or the decision of the court, unless some motion operating as a stay be filed, or unless there be an express order of the court for the entry hereof, on some later day, or unless otherwise provided by statute . . . and judgment, when entered, shall be entered as of the day when the verdict or decision, on which such judgment is based, was rendered, or otherwise as of such other day as may be specially ordered in said verdict or decision."

In *Gregson* v. *Superior Court*, 46 R. I. 362, this statute was construed by this court. It was held that the word "default" therein had reference to the failure of a party to take any required action in the course of the proceedings; that by this statute, actions at law, with respect to the entry of judgment, are divided. In the class governed by the first clause are cases which are un-answered and are defaulted or in which the defendant without filing any plea has confessed or consented to the entry of judgment against him. In this class judgment may be entered at any time thereafter on *ex-parte* motion and proof of claim. The class of cases governed by the second clause is that of the answered cases. In the latter class in the district courts, before the entry of judgment, there should be an entry of the decision of the court which may

properly be entered upon default by submission or by agreement or after trial, and judgment is in order for entry on the seventh day after decision.

In *Vrooman* v. *Arnold*, 29 R. I. 478, (decided in 1908) it was held that questions of law only could not be reviewed by the Superior Court by a claim for jury trial from the district courts and that, if change in that respect was required, it was a matter for legislative provision.

Chapter 1326, P. L., enacted in 1929, now provides that, in all civil cases in a district court, every person aggrieved by the decision of such district court therein may cause such case to be removed for trial, on all questions of *law* and *fact*, in the Superior Court, by claiming and filing with the clerk of the district court an appeal in writing within two days, exclusive of Sundays and holidays, after the decision is made.

The instant action was unanswered and was defaulted May 20; it was then continued to July 15 when decision was rendered against the defendant and the action was further continued to July 29 on the question of charging the garnishee.

Plaintiff did not move for entry of judgment and no judgment was entered. The garnishee was thereafter summoned to appear in court and was subjected to examination. On July 29, after a hearing the garnishee was charged and, at the request of its attorney, the court on the same day filed with the papers its findings of fact and its decision charging the garnishee.

The garnishee must be charged before final judgment; but a case may be continued after decision and before final judgment for such time as may be necessary to determine the question of the liability of the garnishee. 427 C. P. A. now G. L. 1923, C. 344, s. 1. *Stephanian* v. *District Court*, 29 R. I. 210.

In the case at bar the action was continued and kept open for the express purpose of deciding the question of charging the garnishee. This question was properly before the court

on July 29 and the garnishee was charged before the entry of judgment. A garnishee who is charged may properly be regarded as a party to the action—*Grimwood* v. *Capitol Hill Bldg. Co.*, 28 R. I. 32—and if he claims that he has been erroneously charged, he is clearly a person aggrieved by such decision of the district court and is entitled to appeal to the Superior Court on questions both of law and fact.

As the garnishee had an adequate and complete statutory remedy by an appeal on a question of either law or fact to the Superior Court, he is not entitled to a review of the decision of the district court by writ of *certiorari*. This writ is not intended to supersede or supplement the statutory provision for review. *Chew* v. *Superior Court*, 43 R. I. 194.

The writ of *certiorari* is quashed.

*William H. McSoley*, for petitioner.

*Flynn & Mahoney*, for respondent.