JOHN J. CONDON *vs.* FIRST NATIONAL STORES, INC.

JUNE 12, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is a petition under the workmen's compensation act, compensation being sought by the petitioner for disability alleged to have been suffered by reason of hernia, clearly recent in origin and resulting from a strain arising out of and in the course of his employment.

It was first heard and granted by the director of labor. It was later heard, on respondent's appeal, by a justice of the superior court and a decree was entered awarding compensation for temporary total and later partial disability for certain periods and at certain rates, and for medical and hospital expenses. The cause is now before us on the respondent's appeal from this decree.

According to the evidence, the petitioner was an employee of the respondent in one of its retail stores. He had been a

clerk there for some years until March 9, 1936 and then manager until October 1, 1938 and then as clerk again until October 17, 1938. A part of his duties was to move articles of merchandise, some of them heavy, from one part of the store to another. In November, 1937, in lifting a hundred pound bag of sugar, he felt a sharp pain in his groin on the left side, which did not then bother him particularly. Early in the next month he went to a physician about the matter and was told by this physician that he had a hernia and was advised "not to let it go too far".

On October 17, 1938, when he consulted another physician, after suffering the breakdown which will be described *infra*, he told this physician about the above happening in November of the previous year, and also told him about the examination and advice of the first physician in December 1937. The first physician did not testify; but the second physician testified, in addition to the history of the case obtained from the petitioner, that he found that the petitioner at that time was afflicted with "first, the pharyngitis or smoker's throat; second, an aortic and mitral insufficiency of minimal degree; third, indirect inguinal hernia and, fourth, a right side relaxed ring."

The petitioner was not disabled by the occurrence of November 1937 and continued to work for the respondent in its store, as before, until October 17, 1938. On that day, while he was working in the store, he was taken sick, had a fainting spell and collapsed. The manager of the store had him taken to the second physician above mentioned, who prescribed a tonic and some general treatment. On November 24, 1938 he went to a hospital, where on the 28th he was operated upon for his hernia by the second physician, and remained until December 11. Thereafter he gradually improved in health. By reason of his breakdown on October 17, 1938, he was totally disabled from working for some time, and for a further period he was only partially disabled.

When the petition in this cause was filed, the statutory provisions upon which it was based were contained in public laws 1936, chapter 2358, which brought certain "occupational diseases" into the workmen's compensation act for the first time. Since the same provisions are now incorporated in the workmen's compensation act, G. L. 1938, chap. 300, art. VIII, we shall hereinafter refer to that chapter and article, which covers "occupational diseases". In § 1 of that article, the following definitions are given: "(a) The word 'disability' means the state of being disabled from earning full wages at the work at which the employee was last employed; (b) The word 'disablement' means the event of becoming so disabled as defined in sub-paragraph (a); (c) The term 'occupational disease' means a disease which is due to causes *and conditions* which are characteristic of and peculiar to a particular trade, occupation, process or employment." (italics ours)

Then § 2 is as follows: "The *disablement* of an employee resulting from an occupational disease *or condition described in the following schedule* shall be treated as the happening of a personal injury by accident within the meaning of this chapter and the procedure and practise provided in this chapter shall apply to *all proceedings under this article,* except where *specifically otherwise* provided herein". (italics ours) Next follow thirty-one specifications of the occupational diseases and conditions covered by this § 2, including the following: "27. Hernia, clearly recent in origin and resulting from a strain, arising out of and in the course of employment and promptly reported to the employer."

The decree in this cause contains, among other things, the following findings of fact: "2. That in November, 1937, Petitioner sustained a strain arising out of and in the course of his employment, which strain resulted in a hernia. 3. That on October 17, 1938, Petitioner became disabled, as defined in the Workmen's Compensation Act, as a result of said hernia. 4. That said hernia was clearly recent in origin

and promptly reported to Respondent employer which also had actual notice thereof." These findings clearly establish a causal connection between the strain of November 1937 and the disabling hernia of October 1938 and satisfy the requirements of art. VIII, § 2. It is highly significant that there is no finding by the trial justice in this decree that, as a matter of fact, the petitioner had a disabling hernia following the strain in question before October 1938. The undisputed evidence showed that, as a matter of fact, petitioner worked almost a year after the alleged hernia without missing a day.

Since the decree apparently contains all of the facts essential to a recovery, there is some question whether we should seek to discover in the rescript any other possible findings of fact which may not have been included in the decree. There is also a question whether the trial justice actually found, on the evidence, that the petitioner had in fact a hernia from strain in December 1937, as respondent contends, because the rescript as a whole rather indicates that he merely assumed that such fact "is not disputed" and then proceeded to construe and apply the pertinent section of the law. Moreover, if the trial justice actually made such a finding, there is another serious question whether there is any legal evidence of probative value to support it, since the strongest evidence on that question is merely that petitioner testified that a doctor had told him in December 1937 that he had a hernia. There is no testimony at all from that doctor; and no direct medical testimony that the petitioner had in fact such a hernia at that time.

However, if we assume, for the purpose of this opinion, that the trial justice found such a fact and that there was legal evidence of probative value to support such a finding, we then reach the question whether the trial justice erred in his interpretation and application of G. L. 1938, chap. 300, art. VIII, § 2, with particular reference to item 27. Upon such assumptions, the basic question is whether, in order to

recover under art. VIII, § 2, *every* hernia described in item 27 must be "promptly reported to the employer", or whether *only* such a hernia that results in *disablement* of the employee must be so reported.

This article is not as clear in all respects as it probably could have been made. Apparently any construction of it, as it relates to the instant cause, is not without some possible difficulties. The respondent argues chiefly that there is no evidence to support the finding in the decree that this hernia from strain was promptly reported. Such contention is based entirely upon the assumption that such hernia must be promptly reported regardless of whether or not it resulted in the disablement of the employee. No further citation or argument to support this contention is made upon this point beyond the bare statement of the proposition.

However, presumably the best argument that can be made for the respondent's view is, in substance, that a hernia from strain is not technically an occupational disease but a mere condition; and that item 27 should therefore be treated differently from the other occupational diseases enumerated in § 2, which require a prompt report only of disablement therefrom. It is then argued that the obvious reason for including such hernias within this section was to provide the employer with the opportunity to protect himself against the resulting increased risk of having to pay compensation to such an employee, by discharging him unless the hernia is promptly corrected, or by providing other duties which would not subject the employee to possible disablement from the result of muscular abdominal strains; and that the employer could not have such opportunity and protection, if no notice of the hernia was to be given until disablement resulted therefrom. In our opinion such an interpretation is arguable although it leads to certain definite difficulties to be referred to later.

On the other hand, the petitioner contends in substance that the legislature apparently intended to distinguish be-

tween disablement from a hernia resulting from strain, which theretofore was not compensable, and disablement from other types of accidental hernia, which were and are compensable under other sections of the act; that the legislature, in effect, defined a hernia from strain as a condition in the nature of an occupational disease and, as such, expressly placed it in the same article and schedule with enumerated occupational diseases, without substantial differentiation; that thereby it was intended that such a hernia should be governed for all purposes under the act by the provisions relating to the occupational diseases as described in this article; and that there is no reason from the language or context of this article or the workmen's compensation act to refuse to give effect to that legislative intent, namely, to require a prompt report of only a *disabling* hernia, since disablement from occupational diseases or enumerated conditions in the nature thereof is the sole reason for the addition of this article to the act. This view also may present some difficulties in certain contingencies; but apparently the trial justice found that it was at least equally as reasonable as the interpretation advanced by the respondent and therefore he adopted it, apparently having in mind that the article and act were remedial statutes.

We are of the opinion that the trial justice's construction of this section is more consistent with the context and purpose of the workmen's compensation act and with the established rules of statutory construction than the interpretation advanced by the respondent. It is well settled as a general rule of statutory construction that the intent of the legislature, as found in the language of a statute, should be given effect if reasonably possible; and that where one of two possible constructions of a section would give reasonable effect to all of the clauses, paragraphs and other sections of the statute and the other construction would not, the former should be adopted. *Blais* v. *Franklin*, 31 R. I. 95; *East Shore Land Co.* v. *Peckham*, 33 R. I. 541; *Romoli* v.

*Motta,* 59 R. I. 201, 205; *Ainsworth* v. *Saybrooke Mfg. Co., Inc.,* 60 R. I. 290, 294.

We have also held repeatedly that the workmen's compensation act is a remedial statute and therefore is entitled to be construed liberally to effect its particular purposes. *Donahue* v. *R. A. Sherman's Sons Co.,* 39 R. I. 373; *Colli* v. *Crown Piece Dye Works,* 55 R. I. 494; *Jules Desurmont Worsted Co.* v. *Julian,* 56 R. I. 97; *Chirico* v. *Kappler,* 61 R. I. 128, 132; *Broughey* v. *Mowry Grain Co.,* 61 R. I. 221, 227. No construction, particularly of a remedial statute, should be adopted which would defeat its evident purpose. *Greenough, Attorney General* v. *Police Commissioners,* 29 R. I. 410; *Kenyon* v. *United Electric Rys. Co.,* 51 R. I. 90.

Applying these principles to the instant cause, we are of the opinion that the construction contended for by the respondent would, in effect, substantially nullify the legislative intent and the particular purposes of this article, and would be contrary to the liberal construction of the workmen's compensation act. We are not considering here accidental hernia, which is compensable under other sections of the act, but only hernia from strain as described in art. VIII, § 2, which is devoted to occupational diseases or conditions in the nature thereof. We think that the respondent's interpretation of § 2 so as to require that the employee must promptly report *any hernia from strain,* even though such hernia were not in fact disabling, was not intended since that might well result, in practice, in the discharge of the employee, thus depriving him of any right to ultimately recover compensation or medical expenses, notwithstanding that such hernia and expenses would result proximately from an original strain arising out of and in the course of his employment. There is no provision that such hernia, if so reported, would be corrected at the employer's expense.

Such a view would lose sight of an important purpose of the act which was to protect an injured employee and the

public against the consequences that ordinarily follow an impairment or destruction of earning capacity of an employee who is disabled by injury arising out of and in the course of his employment. See *Distante* v. *United Electric Rys. Co.*, 53 R. I. 258; *Harvey* v. *Brown*, 56 R. I. 34; *Broughey* v. *Mowry Grain Co.*, *supra*. Certainly, the respondent's construction of the workmen's compensation act cannot be said to be a liberal one that is in aid of its acknowledged purpose, as is required by well-established rules and by all of our cases.

Such a construction also, in effect, would lift from its text and exclude from the operation of the other primary language in the section, an item which was evidently made an equal part of that section for the express purpose of having it treated, to all intents and purposes under the act, as in the nature of an occupational disease; and therefore to require prompt report only when disablement results, as is the case with the occupational diseases enumerated therein.

Assuming that the two constructions contended for were equally reasonable, although there appear to be greater difficulties with the respondent's contention than with the petitioner's, we are constrained by the numerous precedents in the construction of remedial statutes, and particularly in the construction of the workmen's compensation act, to adopt the more liberal construction and to hold that the trial justice's interpretation and decision were correct.

The extent to which the court has gone in liberally construing this act, particularly where the effect of a failure to give certain required notice was involved, is illustrated in *Desrochers* v. *Atwood-Crawford Co.*, 47 R. I. 116, 118 and *Caspar* v. *East Providence Artesian Well Co.*, 49 R. I. 8. In the instant cause there is no definite time limit fixed in § 2 for the reporting of the hernia described in item 27; and so, what is "promptly reported" becomes, in any event, a mat-

ter for reasonable determination by the trial justice upon the evidence, as any other fact. In that respect the instant cause has more in it to warrant a liberal construction than did the *Desrochers* and *Caspar* cases, *supra*.

A liberal construction, such as we place upon this article, deprives the employer of no right or protection to which he is entitled under the act or within its reasonably contemplated purpose. This is particularly so where, as here, the petitioner seeks compensation from actual disablement as a result of hernia from strain, where said strain, hernia and disablement all occurred well within the twenty-four months' period set out in § 4 as a special statute of limitation relating to disablement from such occupational diseases and conditions as are contemplated in § § 1 and 2.

For the reasons stated, the appeal is denied, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

Moss, J., dissenting. I am unable to concur with the other members of the court in their disposition of this cause. To my mind it is clear, from uncontradicted evidence, that when the petitioner consulted a physician early in December 1937, he had a hernia as a result of the strain which he had suffered during the month just before; that this hernia grew worse and caused his collapse and disablement on October 17, 1938; and that before the latter date he made no report to the respondent of the above-mentioned strain or of the resulting hernia.

In fact the trial justice so found in his decision, in which he stated: "It is not disputed that the petitioner sustained a hernia in November, 1937 which was not reported to the employer. It is also not disputed that this collapse and the first disablement from this hernia took place on October 17, 1938." He also found in that decision that "there is no question that the Director of Labor was right in finding that

the petitioner was disabled October 17, 1938 from a hernia sustained the previous November while the petitioner was an employee of the respondent." I do not see anything in the decree that detracts from these statements in the decision.

In my judgment it is also clear, from undisputed evidence in the cause, that when the petitioner consulted a physician early in December 1937, he not only had this hernia, but was informed by the physician that he had it, and was advised to have an operation for it without much delay; and that he then had notice that the hernia was the result of the strain that he had suffered during the month just before. He himself testified that he experienced a strain in November, 1937, while lifting a hundred pound bag of sugar; that he then got a sharp pain in his groin on the left side; that he did not think much about it at the time but that he went to a physician about it the next month and was then advised that he had a hernia and told "not to let it go too far."

The other physician, who operated on the petitioner soon after the disablement in 1938, testified to the "history" of the petitioner, evidently as given him by the latter himself. This included an account of the above strain with "a sudden sharp pain in the left groin", followed by a swelling which had persisted in that area, with intermittent attacks of mild pain; an examination by the first physician on December 7, 1937; his diagnosis of an acute hernia and his advising an operation. The hospital report, made on November 24, 1938, when the petitioner was admitted for the operation, was also read in evidence; and it showed his "history", in which it was stated: "The chief complaint was swelling on the left side in the left groin. Duration about one year."

This was all proper evidence against the petitioner; it was uncontradicted and to my mind it clearly proved that

on or about December 7, 1937 he had an acute hernia in his left groin as a result of the strain of November 1937, and had notice of this hernia and of the cause of it; and that the symptoms of it persisted until his collapse. Yet he did nothing about the matter in the interval; but continued to work for the respondent in its store, in the same kind of work as before, and gave no notice to the respondent of what had happened to him in November 1937 or of the fact that he had a hernia or of the trouble which he was having with his health.

I do not find any evidence that he was prevented from giving such notice by anything of the nature of accident, mistake or unforeseen cause; nor was anything of that nature relied on in his behalf. Nor can I find any evidence that the respondent had any knowledge or notice of any hernia or strain until after the disablement of the petitioner.

As pointed out in the opinion of this court, this is not a case of a petition for compensation to an employee for disablement from an *accidental* injury suffered in the course of his employment. On the contrary, the petition is brought solely under art. VIII of the workmen's compensation act, which article deals almost entirely with occupational diseases; and under § 2 of that article an employee cannot recover for disability caused by a nonaccidental hernia, unless it answers this description: "Hernia, clearly recent in origin and resulting from a strain, arising out of and in the course of employment and promptly reported to the employer."

The trial justice in his rescript found, as above stated, and correctly in my judgment, that the petitioner was, within the meaning of the above § 2, disabled on October 17, 1938 from a hernia sustained during the previous November. He also found, correctly, that under art. II, § 4, no compensation is payable for an injury that does not incapacitate the employee for a period of at least three days from

earning full wages. He therefore, following the reasoning of the director of labor in this case, found that there was no compensable injury to the petitioner *to be reported* until after October 20, 1938. From this he drew the conclusion that the petitioner had "complied in all particulars with the provisions of Article VIII, Section 2."

Therefore, in paragraph 4 of his decree, he made the following finding: "That said hernia was clearly recent in origin and promptly reported to Respondent employer which also had actual notice thereof." It is obvious to me that this finding and the above conclusion are squarely based on his interpretation of the statutory language, above quoted, defining a compensable nonaccidental hernia. According to that interpretation the period of time, to be used in deciding whether the hernia was clearly recent in origin and was promptly reported to the employer, would begin three days after the employee's disablement from the hernia.

Therefore, the above conclusion and finding of the trial justice cannot properly be treated as determinations of facts unless he was correct in his interpretation of the above statutory definition of a compensable nonaccidental hernia. In my opinion he was clearly wrong in that interpretation and his decree should, therefore, be reversed.

In the opinion of the court, art. VIII, § 2, is quoted, wherein it is provided that the disablement of any employee resulting from any of the listed occupational diseases or conditions shall be treated as the happening of a personal injury by accident and that the procedure and practice provided in the chapter "shall apply to all proceedings under this article . . . ." This language here quoted is immediately followed, however, by a clause which is indeed quoted in that opinion but, it seems to me, is then ignored, whereas, in my judgment, it is vital in this cause. This clause is "except where specifically otherwise provided herein."

To me it seems obvious that this clause refers to item 27 of the schedule, wherein a compensable nonaccidental hernia is defined; and that the requirements of that item, according to settled rules of the interpretation of language, should prevail over what precedes.

To my mind it is clear that the language of item 27 cannot reasonably be interpreted except as providing that the disablement of an employee resulting from a nonaccidental hernia cannot give him a right to compensation under the act, unless that hernia satisfied, *at the time of the disablement,* three conditions, the first being that the hernia was then clearly recent in origin, the second that it had resulted from a strain arising out of and in the course of the employment, and the third that it had been "promptly reported to the employer."

It is also clear to my mind that the period of time to be considered in determining whether the hernia was, at the time of the disablement, "clearly recent in origin" should begin when the hernia originated, not when it became compensable; and that the period to be considered in determining whether it had been "promptly reported to the employer" should begin when the hernia had resulted from the strain and the employee had knowledge or notice of such hernia and that it had so resulted.

It seems to me that not to construe this language of the statute in this way is virtually to nullify plain language inserted in the statute for the reasonable protection of the employer against too broad liability for something that is not the result of an accident and is not an occupational disease. And in saying this I am not overlooking the rule that this statute should be construed liberally in favor of employees in order to effectuate its particular purposes.

It is a well-known fact, of which we may properly take judicial notice, that a hernia is likely to subject a man to

very serious results from muscular strains in the region of the abdomen; but that such results can usually be prevented by proper treatment. It is, then, no more than fair to an employer that an employee, who has knowingly suffered a hernia from a muscular strain, incurred in the course of his employment, should, as a *condition* of being able to recover from that employer for a later disablement caused by such hernia, give prompt notice of it to the employer, so that the latter may see that reasonable precautions are taken against the danger of such later disablement, as by relieving the employee from such strains or by means of a surgical operation.

I believe that to give such reasonable protection to employers was the object of the general assembly in inserting in the statute the provision now in question; and that we should not defeat that object by giving to that provision what, in my judgment, is a very unreasonable interpretation.

My conclusion, as above stated, is that the trial justice erred in his construction of this provision; that his award of compensation to the petitioner cannot properly be sustained on any ground that does not depend upon this interpretation; and that therefore his decree should be reversed.

*Francis R. Foley*, for petitioner.

*Henry M. Boss*, for respondent.