JOHN J. VINGI *et al. vs.* FRANK R. READ.

JANUARY 4, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a petition for a writ of *certiorari*. The petitioners seek to have quashed a certain record made by the superior court in an action of trespass and ejectment pending in that court, in which action they are the plaintiffs and the respondent is the defendant. The writ issued and the record is before us.

In this record the following order appears as part thereof: ". . . it is hereby Ordered, Adjudged and Decreed as follows; —First. That witness fees and counsel fees in the amount of Fifty Dollars ($50.00) are hereby allowed and awarded to the defendant which said amount is hereby assessed against the plaintiffs in this cause as witness fees and counsel fees.

*Second.* That this cause shall not be assigned for trial until said amount of Fifty Dollars ($50.00) assessed as witness fees and counsel fees as aforesaid has been paid in full to the defendant by the plaintiffs. . . . ."

This order was entered under the following circumstances: On the third day on which the ejectment case had been on trial before a jury, the plaintiffs, because of questions of law which had been raised, moved that the trial justice take the case from the consideration of the jury and pass it. Shortly before this time the defendant had made a similar motion but for a different reason, which motion apparently had been withdrawn, or, at any rate, was not pressed. After argument by counsel the trial justice granted the plaintiffs' motion to pass the case and in so doing stated: "Under the circumstances the Court will grant the plaintiffs' motion to pass the case; . . . . The Court would almost be inclined to award the defendant costs in this case, because he has been put to considerable trouble and expense; but I think in fairness to the parties to the case that the Court should grant the motion, and I therefore grant the motion to take the case from the jury." On the jacket of the case the following entry was made: "Oct. 29 Trial proceeds. Upon motion of plaintiff case is taken from the jury and passed."

Later, on the same day, after the parties had left the court and the jury had been dismissed, the defendant filed in said case a motion for allowance of costs and counsel fees. The trial justice placed this motion on his calendar for hearing on a given date several days thereafter, and the plaintiffs received notice thereof. After a hearing on said motion it was granted by the trial justice on November 6, 1941 to the extent evidenced by the order above set out, and the notation of that decision appears on the jacket under that date.

In view of these facts, the plaintiffs question the jurisdiction of the superior court to grant the defendant's above motion for witness and counsel fees, and to enter the order in question. We may assume, for present purposes, that the trial justice, in deciding the plaintiffs' motion for the pass-

ing of the case, had a right, in the exercise of his sound discretion, to grant the motion upon such terms and conditions as he should then prescribe. See rule 8 of the superior court. The record before us, however, shows that he granted the plaintiffs' motion without requiring them to comply with any terms or conditions whatsoever, although the statement made by him when he took that action revealed that he had given consideration to the matter of conditions.

Under these circumstances, we are of the opinion that he had fully exercised his jurisdiction in the premises in regard to the continuance, and that he had no jurisdiction to later attempt to modify or limit his original decision in that connection by granting the defendant's motion for witness and counsel fees. In our judgment, any condition attached to the granting of such a motion for a continuance, to be valid and binding, must be made by the trial justice at the time the motion for such a continuance is granted, and cannot be made thereafter unless under authority granted him by rule or statute, which authority has not been shown to exist. The plaintiffs' position in this matter finds support in the principles underlying the holdings of the court in *Ashaway National Bank* v. *Superior Court*, 28 R. I. 355, *State* v. *Lubosky*, 59 R. I. 493, and *Streeter* v. *Millman*, 68 R. I. 456, although the facts in these cases differ from those in the case at bar.

Further, we know of no inherent power in the superior court to entertain and grant as a new proceeding, entirely independent of the plaintiffs' previous motion for the passing of the ejectment case, such a motion as the defendant made; and no rule or statute giving the superior court that power, under the circumstances present in this case, has been brought to our attention. The defendant argues that the order in question is proper and can be supported as an award of costs under the provisions of general laws 1938, chapter 536, § 9. We are unable to accept this contention as sound. In our opinion the section cited is not applicable. It relates specifically to the award of costs. The order now before us

does not purport to be an award or taxing of costs against the plaintiffs, to follow the usual procedure in respect to costs, but requires them to pay the defendant a given sum as witness and counsel fees before the ejectment case may again be assigned for trial.

We find, therefore, that the order entered requiring that the plaintiffs pay the witness and counsel fees in question was not, under the circumstances, within the jurisdiction of the superior court to enter, and was illegal and void.

The defendant also urges that the present question is not properly before this court on a petition for *certiorari* because a remedy by exception was available to the plaintiffs. If "the order of the Court entered on November 6, 1941 was in no sense a final determination", as defendant concedes in his brief, it would appear that no immediate review by exception was available. See G. L. 1938, chap. 542, § 12. Moreover, if defendant argues that plaintiffs are required to await the outcome of the trial of the ejectment case before having the ruling of the superior court on the defendant's motion passed on, we do not agree with this contention. It is well settled that ordinarily *certiorari* will not lie if another remedy is expressly provided. However, *certiorari* has been allowed where the circumstances were so exceptional that an immediate review was found to be in the interest of justice, even though another remedy would have been available later. See *Hyde* v. *Superior Court,* 28 R. I. 204; *Brickle* v. *Quinn,* 63 R. I. 120.

Since the present question involves the jurisdiction of the superior court to enter the order under consideration, and since that order requires the plaintiffs to pay the defendant a certain sum of money before the ejectment case can again be assigned for trial, we are of the opinion that the circumstances present an exceptional case; that the ordinary remedy by exception would be inadequate; and that, therefore, the plaintiffs may, at the discretion of this court, have the action of the superior court in entering said order reviewed by *certiorari.*

As the conclusions which we have reached are determinative of the case, it is not necessary for us to consider or discuss certain other questions of form and substance raised by the parties.

It is ordered, therefore, that the order entered November 6, 1941 by the superior court granting the defendant's motion for witness and counsel fees be quashed. The papers in the case are ordered sent back to the superior court.

*Fergus J. McOsker, Charles R. Easton,* for petitioners
*Edward M. McEntee,* for respondent.