JOHN SEGRELLA *d.b.a.* HOME MAINTENANCE COMPANY *vs.* WORKMEN'S COMPENSATION COMMISSION.

JULY 12, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is a petition for certiorari to review the action of the workmen's compensation commission in entering a decree adjudging the petitioner in contempt and ordering his committal in the event he failed to purge himself within the time and in the manner set forth in the decree. We issued the writ and in accordance therewith the commission has certified to this court all relevant papers for our inspection.

The petition recites that on October 14, 1958 petitioner was ordered to pay partial compensation to his employee Antonio Ferrucci at the rate of $16.80 per week pursuant

to a decree of the workmen's compensation commission entered in a case designated as W.C.C. No. 7774; that petitioner made payments until March 5, 1959 at which time he ceased to comply with the decree for the reason, as he says, that he lacked funds; and that on April 29, 1959 the employee filed a petition designated as W.C.C. No. 9417 to adjudge petitioner in contempt of the above-mentioned order of October 14, 1958.

The petition further recites and the record establishes that in W.C.C. No. 9417 the trial commissioner entered a decree on June 8, 1959 adjudging the employer in contempt. From that decree he appealed to the full commission which affirmed the decree of the trial commissioner and entered a decree on July 29, 1959 containing the following findings and order:

"1. That the respondent has deliberately and intentionally refused to comply with the order contained in the decree of this commission, dated October 14, 1958.

"2. That there is no extenuating circumstance which excuses the respondent's failure to comply with the order contained in the decree of this commission, dated October 14, 1958.

"3. That the respondent is in contempt of said order of this commission.

"And thereupon, upon consideration thereof, it is
"Ordered, Adjudged and Decreed:

"1. The respondent may purge himself of contempt by paying to the petitioner, on or before August 17, 1959, all payments of compensation benefits provided in the decree of this commission dated October 14, 1958, and designated W.C.C. No. 7774; and also, by paying to the petitioner, an additional amount equal to twenty percent of each payment under said decree which is overdue for more than fourteen days, in accordance with the provisions of general laws 1956, section 28-35-53; and shall also pay interest on said overdue payments at the legal rate of six percent per annum.

"2. In the event that the respondent shall fail to make the payments as provided herein on or before August 17, 1959, the said respondent shall then be

committed to Providence County Jail until such time as he shall purge himself of contempt by complying with the order in the decree of this commission dated October 14, 1958, and of this decree, or until the further order of this commission."

From that decree the employer prosecuted his appeal to this court where it is now pending.

Thereafter we granted the employer an *ex parte* petition for stay of decrees and proceedings until further consideration of the court. The employer filed his petition for certiorari on October 1, 1959 as of September 1 and the stay previously ordered was continued.

On October 8, 1959 the employee filed a motion to dismiss the petition for stay and the cause was placed on the motion calendar for November 2, 1959. The motion was argued on that day and on the election of counsel for the employer the petition for stay was ordered placed in the case pending on appeal from the decree of July 29, 1959 and numbered Equity 2797. The arguments of the parties were then addressed to the motion to dismiss the petition for stay in connection with the employer's appeal from the decree of the workmen's compensation commission, as distinguished from the instant proceedings in certiorari. It appearing that he had not complied with the decree appealed from, the motion to dismiss was thereupon granted in open court.

There being no stay extant following the granting of the motion to dismiss, counsel for petitioner here invoked the discretion of the court for a further stay pending final determination of the proceedings, and on November 6, 1959 we ordered such stay.

Counsel for the employee was permitted to intervene as amicus curiae, and on March 21, 1960 arguments were heard on the petition for certiorari.

Counsel for petitioner has briefed and argued certain contentions addressed to his reasons of appeal in Equity No. 2797, but they are not before us in these proceedings and

hence will not be considered. We are concerned only with his representations in the petition for certiorari, namely, that the workmen's compensation commission is without jurisdiction to order the committal of petitioner and that it acted in excess of its jurisdiction in ordering the committal.

It is petitioner's contention that general laws 1956, §28-30-1, does not confer general jurisdiction on the workmen's compensation commission to *cite and punish* for contempt as is judicially inherent in the superior court, despite the apparent unambiguous language of the section which reads as follows: "Commission established—General powers.—There shall be established in the state of Rhode Island a workmen's compensation commission having such jurisdiction as may be necessary to carry out the provisions of the workmen's compensation act. Said commission shall be a commission of record with the same rights of subpoena and also the same rights to cite and punish for contempt as exist in the superior court, having a seal, and the members or clerk of which shall have power to administer oaths and affirmations." He argues that the phrase "and also the same rights to cite and punish for contempt" relates only to the preceding expressed right of subpoena and was not intended to have unrestricted construction.

This, he contends, becomes evident when §28-30-1 is read in connection with §28-35-7 which provides: "Enforcement of approved agreement.—Any such agreement approved by said director shall be enforceable by a suitable action or proceeding brought by either of the parties thereto before the workmen's compensation commission, including executions against goods, chattels and real estate, and including proceedings for contempt for wilful failure or neglect to obey the provisions of such agreement, and in cases involving future payments of compensation aggregating not less than fifty dollars ($50.00) the attorney-general shall at the written request of said director prosecute a suitable action or proceeding in said commission in the name of said direc-

tor to compel either party to such agreement to comply with the terms thereof."

We are not in accord with petitioner's contention. It is our opinion that in the enactment of §28-30-1 the legislature was conferring full and general jurisdiction in connection with all matters relating to workmen's compensation on the commission which the statute creates. Indeed the designation of the section as "Commission established— General powers" together with the recital of indicia of jurisdiction leads to the inescapable conclusion that there is a legislative grant of power inconsistent with the construction for which petitioner contends. See *Condon* v. *First National Stores, Inc.*, 65 R. I. 129. Without the authority to cite and punish for contempt of its decrees and orders the commission would be virtually powerless to enforce them. To hold that the legislature, in transferring jurisdiction of workmen's compensation cases from the superior court, intended that the commission it created for that purpose would establish a forum not fully effective is repugnant to reason and wholly untenable.

We are not impressed by petitioner's argument that if §28-30-1 conferred general contempt jurisdiction it would not have been necessary to enact §28-35-7 above quoted. The provisions of §28-35-7 are identical with those of the second sentence in section 1, article III, chapter 300 of G. L. 1938, and in public laws 1949, chap. 2272, save for the substitution of "workmen's compensation commission" and still later "said commission" for "superior court" and "said court." It is evident without argument that if the legislature deemed it advisable to confer jurisdiction of contempt proceedings on the superior court by express mandate in the matter of preliminary agreements, such mandate should be preserved in transferring general jurisdiction of workmen's compensation cases from the superior court to the newly established commission. See *Carpenter* v. *Globe Indemnity Co.*, 65 R. I. 194.

The petitioner's second contention that in the instant case the commission acted in excess of its jurisdiction is likewise without merit. Having concluded that the commission possesses the jurisdiction to cite and punish for contempt it is necessary only to determine whether petitioner was in fact in contempt of an outstanding decree of the commission.

The petitioner concedes that he had ceased to comply with the decree of October 14, 1958, but argues in defense thereof that his failure was not willful, that he is without funds, and that there is no evidence from which the trial commissioner or the full commission could find to the contrary.

This argument goes to the merits of the controversy and will not be reviewed by this court in certiorari proceedings where the legislature has otherwise provided a remedy. *George E. Merewether, Inc.* v. *Equi,* 53 R. I. 148; *Bishop* v. *Superior Court,* 50 R. I. 13.

This is a petition for the common-law writ addressed to our discretion and we have repeatedly held that we will not extend the scope of the writ save in those exceptional circumstances where the failure to do so would result in an unjustifiable hardship. *Vingi* v. *Read,* 68 R. I. 484; *Conte* v. *Roberts,* 58 R. I. 353. We perceive no such exceptional circumstances in the instant case. The petition before us constitutes an effort to escape liability without recourse to other and approved procedures for relief, if such relief is warranted.

The petition is denied and dismissed, the writ heretofore issued is quashed, the order of stay is dissolved, and the papers in the case are ordered returned to the workmen's compensation commission for further proceedings in accordance with this opinion.

*Anthony A. Giannini,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Alfred E. Motta,* Special Counsel, for respondent.

*Grande & Grande, Corinne P. Grande,* amicus curiae.