215 A.2d 232.

Betty Dolman *vs.* Arthur Saltzman *d.b.a.* United Drug.

DECEMBER 17, 1965.

Present: Roberts, Paolino and Joslin, JJ.

Roberts, J. This action of trespass on the case for negligence was brought to recover damages for personal injuries. In the course of the proceedings the plaintiff on October 7, 1964 filed a motion to adjudge the defendant in contempt, alleging therein his noncompliance with an order entered by a justice of the superior court to pay certain expenses incurred by the plaintiff while submitting to an examination by an impartial medical examiner ordered on the defendant's request therefor.

Hearing on the motion to adjudge in contempt was continued several times, apparently at the request of plaintiff, until the justice of the superior court who had entered the order for the examination set it down for hearing before him on November 9, 1964. It was heard on November 9 and 12, and thereafter the court, without expressly adjudg-

ing defendant in contempt, ordered him to pay a counsel fee of $50 to plaintiff. The case is before us solely on defendant's exception to this order. His other exceptions being neither briefed nor argued are deemed to be waived.

It appears that at the time plaintiff was ordered to submit to the impartial medical examination defendant was ordered to pay the cost, not to exceed $6, of taxi hire from plaintiff's home to the place of examination and return. Subsequently she submitted to defendant a voucher in the amount of $6 for such taxi hire, which he refused to pay, and thereupon plaintiff filed the instant motion to adjudge in contempt. After cross-examining plaintiff during the hearing thereon on November 9 with regard to the voucher submitted, defendant asked that the hearing be continued to permit him to issue a subpoena duces tecum for the production of records of Whitehall Cab Co. for the purpose of impeaching plaintiff's testimony relative to her use of a cab operated by that company for such transportation.

At this point the superior court stated that it would not refuse to allow the matter to be continued or a subpoena duces tecum to issue but went on to say:

> "However. I do wish to make it very plain that so far as this Court is concerned, from this moment forward you are acting at your peril in regard to attorney's fees and other matters unless you are able to show that the plaintiff here has committed what might amount to a fraudulent act upon you by way of submitting a bill for charges which she did not in fact incur. In view of her testimony, of course, if you are able to show she has been telling us a lie, naturally the Court not only would not penalize counsel for so doing, but would commend them highly. However, if it turns out that Mrs. Dolman has been telling the truth all along and that counsel is refusing to make the payment without putting the plaintiff to a great deal of expense and her attorney to a great deal of expense and difficulty, the Court would have to consider assessing such

additional charges against the defendant in this case. I just want to make that plain."

The defendant argues that the award of $50 to plaintiff's counsel was not, in fact, the allowance of a counsel fee but rather was the imposition of a penalty upon him for his failure to adduce through the issuance of the subpoena duces tecum evidence that would impeach the testimony of plaintiff concerning her use of a taxicab. He argues further that if it were an allowance of a counsel fee as a condition to the granting of the continuance on November 9, the court was without authority to do so, the condition not having been imposed contemporaneously with the granting of his motion for the continuance. In the latter respect defendant relies on the decision of this court in *Vingi* v. *Read,* 68 R. I. 484.

The first contention thus raised by defendant is without merit in our opinion. The record discloses clearly that the court awarded the sum of $50 to counsel for plaintiff for "his attendance and legal efforts expended at Court on the 12th day of November, 1964 said attendance, etc., being necessitated by the request of the defendant for continuance beyond November 9th, 1964 * * *." There is nothing in this language that warrants viewing it as other than an award for the counsel fee to plaintiff's counsel. The language is plain, its meaning clear, and we will not import ambiguity into the order by reference to other language used by the court on another occasion, that is, on November 9 when the continuance was granted, conceding that some reference to a penalty was made therein.

The defendant in his second contention purports to raise a question as to the authority of the superior court to impose conditions on the granting of a motion for a continuance other than contemporaneously with the granting of such motion. We are unable to agree that this question was reached here, being of the opinion that the condition was imposed at the time the motion was granted. Rule 15

of the Rules of Practice and Orders of the Superior Court 1957 states that "Every motion for a continuance of an action, if granted, shall be granted upon such terms and conditions as the justice hearing said motion shall prescribe." This rule, defendant argues, requires the contemporaneous imposition of terms or conditions. He relies in this view on the rule laid down in *Vingi* v. *Read, supra.*

In that case on the third day of trial a motion was made to pass the case. The motion was granted immediately, but subsequently a formal order was entered by the court which included the award of a counsel fee. We held there that the court had exceeded its authority in awarding a counsel fee under the circumstances, stating that conditions imposed on the grant of a continuance "to be valid and binding, must be made by the trial justice at the time the motion for such a continuance is granted, and cannot be made thereafter * * *." The rule as thus stated rests upon obviously sound reason, that is, that a decision of the court when made in an exercise of its authority, even interlocutory in nature, should have some finality to the end that the administration of justice should be conducted in a rational and orderly manner.

We are unable to agree, however, that the rule as stated in *Vingi* v. *Read, supra,* circumscribes the authority of the court to condition continuances to the extent contended by defendant. He argues, in effect, that the court under Rule 15 may not in appropriate circumstances grant a continuance subject to the subsequent imposition of a condition or award of counsel fees when it appears to the court that the continuance may be sought on grounds that are either improper or wanting in merit. It is our opinion that the superior court under Rule 15 may grant a continuance upon terms or conditions and withhold the execution thereof until a subsequent determination that the ground upon which the continuance was sought is meritorious. To hold other-

wise would be to substantially impair the authority of the superior court to conduct its affairs in an orderly manner.

We are of the opinion in the instant case that the court did just this. At the time it granted the continuance the court in unmistakable terms informed the defendant that it was being granted subject to the condition that a counsel fee would be imposed if the evidence adduced by way of the subpoena duces tecum proved to be wanting in probative force on the issue of the plaintiff's credibility. In short, we take the view that at the time the motion for a continuance was granted the condition was imposed thereon, but that it was to be executed, if at all, only after the court had a reasonable opportunity to satisfy itself that the defendant by the use of the subpoena effectively delayed and inconvenienced the plaintiff in the prosecution of her motion to adjudge in contempt. This, in our opinion, constituted a contemporaneous imposition of the condition as contemplated in Rule 15 and in our decision in *Vingi* v. *Read, supra*.

The defendant's exception to the order is overruled, and the case is remitted to the superior court for further proceedings.

*Leonard A. Kamaras,* for plaintiff.

*Gunning & LaFazia, Edward L. Gnys, Jr.,* for defendant.