JOSEPH LOPES *vs.* B. B. & R. KNIGHT, INC.

FEBRUARY 4, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J.  The above entitled proceeding is a petition filed in reliance upon the provisions of the Workmen's Compensation Act. It is before us upon the petitioner's appeal from a decree of the Superior Court

The parties hereto are admittedly subject to the provisions of the Workmen's Compensation Act.  The petitioner claims that on December 16, 1926, while he was in the employ of the respondent corporation, at the Nottingham mill as a night fireman and watchman, he was injured by accident arising out of and in the course of said employment; that the accident was caused by "a flashback" of an oil burner under the boiler and both of the petitioner's hands and his face were burned.  On January 3, 1927, the petitioner and respondent entered into a written agreement, upon a form of agreement furnished by the commissioner of labor.  The agreement was signed by the petitioner by making his mark, and was approved by the commissioner of labor on January 11, 1927.  In a notation at its top it is

designated as the form of a "Preliminary Agreement under Workmen's Compensation Act." The terms of the agreement, essential to the matter before us, are that the respondent should pay to the petitioner compensation at the rate of $14.55 per week for "duration of total incapacity." The agreement also provided as follows: "that in the event of partial incapacity following total incapacity a supplementary agreement shall be made in accordance with the provisions of the 'Workmen's Compensation Act of the State of Rhode Island.'"

It is further claimed by the petitioner that on April 4, 1927, he returned to work for the respondent, not as "night fireman and watchman" but simply as "watchman," although at the same wages which he had received before said accident. This by the assent of the parties marked the end of the "duration of total incapacity" referred to in the preliminary agreement, and no compensation was thereafter paid under that agreement. On April 7, 1927, the respondent and the petitioner signed another written paper on a form provided by the commissioner of labor which had the notation printed at its top that it "is designed for agreement where adjustment is final." In that paper it was recited that the respondent has paid to the petitioner the sum of two hundred and twenty-three dollars and nine cents "in full settlement and discharge of all compensation due said Joseph Lopes under the Workmen's Compensation Act . . . for all injuries received" by him in said accident of December 16, 1926. This paper was approved by the commissioner of labor on April 13, 1927.

It further appears that the petitioner's employment by the respondent ceased on December 16, 1927, by reason of the close of the Nottingham mill by the respondent. The petitioner claims that he then tried to obtain other employment but by reason of the condition of his hands, resulting from said accident, he is unable to secure employment at his former weekly wages and that he is now partially incapacitated by reason of the partial loss of function in both

of his hands; that for this condition, the petitioner received treatment known as "physiotherapy" at the Rhode Island Hospital from January 20, 1928, to March 24, 1928, during which period he was completely incapacitated and unable to work.

The respondent has not entered into a "supplementary agreement" with reference to the petitioner's claim of "partial incapacity following total incapacity" in accordance with the terms of the preliminary agreement between the parties approved January 11, 1927, and the respondent contends, that by reason of the so-called agreement approved April 13, 1927, by the terms of which the petitioner admitted the payment to him of $223.09 "in full settlement and discharge of all compensation due said Joseph Lopes under the Workmen's Compensation Act," the respondent is now relieved of all obligation to pay further compensation to the petitioner.

In that state of the relations between the parties, the petitioner on April 6, 1928, filed in the Superior Court his petition for a review of the agreement approved April 13, 1927, "and prays that it may be decreed that said respondent shall pay compensation for total incapacity during the period of said treatment at the hospital, and shall pay compensation for partial incapacity for such time and in such manner as this court shall decree."

The respondent thereupon moved that there be stricken from said petition all allegations of total incapacity and also the prayer that the petitioner be awarded compensation for total incapacity. The motion of the respondent was granted by the Superior Court. Apparently for the purpose of conforming with the ruling of the court upon the respondent's motion to strike out, the petitioner moved that he be permitted to amend his petition in accordance with the form of amendment accompanying the motion. In this form of amended petition the petitioner sets out his employment by the respondent, the accident and his injury therefrom, the amount of his wages, the essential terms of

the preliminary agreement approved January 11, 1927, the essential terms of the writing between the parties approved April 13, 1927, the petitioner's claim of partial incapacity, and asks for a review of said preliminary agreement, and prays that it be decreed that he be paid compensation on account of the partial incapacity which he claims.

The respondent objected to the granting of the petitioner's motion to amend. After hearing, a justice of the Superior Court denied the petitioner's motion. The cause is now before us upon the petitioner's appeal from the action of the Superior Court denying his motion to amend which closed the petitioner's attempt at a judicial determination of his rights, and constituted a final decision of the matter in the Superior Court.

In his decision the justice says, "Well, I have examined what the basis of the petition to amend is. It appears to me that he has concluded himself by making an agreement. If he wants to argue to the Supreme Court that a man cannot conclude himself, all right. You take the procedure and make a final agreement and the statute says you cannot change that." By this decision the justice accepts the contention of the respondent that by the writing, called an agreement, approved April 13, 1927, the petitioner has "concluded" himself by "the full settlement and discharge of all compensation" to which he might thereafter become entitled under the Workmen's Compensation Act. This decision is based upon a misconception of the true intent of the writing executed April 7, 1927 and approved April 13, 1927, and the effect of that writing upon the legal rights of the petitioner.

The writing is upon a form "designed for agreement where adjustment is final." If that be the purpose of the form it should not have been used, for the writing did not represent an "agreement" between the parties of any matter not already executed by the preliminary agreement, nor did it deal with an "adjustment", "final" or otherwise, of the matter specifically left undisposed of by the terms of the

preliminary agreement. On April 7, 1927, at the time when the writing was executed the petitioner had previously returned to work, on April 4, 1927, and by the assent of the parties the "duration of total incapacity" had ceased on that day. Weekly payments of $14.55 as compensation for such total incapacity had all been made by the respondent in accordance with the preliminary agreement. Those weekly payments for the fifteeen weeks and two days from the time of the accident on December 16, 1926, until April 2, 1927, two days before the petitioner returned to work, amounted to $223.09. In reciting in this writing that the respondent had paid the petitioner $223.09, it was not the intention of the parties to state a present payment of that sum, which was to serve as consideration for some agreement of the petitioner contained in the writing. The recital of the total of weekly payments amounted solely to an acknowledgment by the petitioner that he had received the full amount of the compensation for total incapacity to which he was entitled under the terms of the preliminary agreement. The writing simply amounted to evidence in the hands of the respondent that it had performed its part of the preliminary agreement so far as the same related to the payment of compensation for total disability. If, as the respondent contends and the justice found, the writing was intended as a discharge by the petitioner of all compensation to which he might thereafter become entitled by reason of partial disability, then such attempted discharge was entirely without consideration and of no legal effect upon the rights of the petitioner.

At the time the parties executed the preliminary agreement approved January 11, 1927, they were uncertain as to whether partial incapacity would follow total incapacity, and, if it should, its nature and duration could not be determined at that time. The parties, therefore, specifically left the whole matter of partial incapacity open for future adjustment by a supplementary agreement. Now, within two years after said accident, the petitioner claims

the existence of such partial incapacity following total incapacity, and the respondent refuses to enter into a supplementary agreement for compensation. The respondent should not be permitted thus to defeat the petitioner's right to have an adjudication of his claim.

The petitioner designated his amended petition as one for the review of the preliminary agreement. Such designation perhaps is not entirely unjustified, since in that agreement the matter of compensation for partial incapacity was left undetermined, although the possible existence of such incapacity was therein recognized. It appears to us, however, that the present position of the petitioner should be regarded as that of an employee who is now seeking relief through the Superior Court upon a claim for compensation, as to which the employer and employee have failed to reach an agreement, in reliance upon Section 2, Article III, Chapter 92, General Laws 1923. This court has always regarded the Workmen's Compensation Act as a remedial statute to be liberally construed and applied in order that it may effectuate its purpose. The petitioner should not be denied relief because of a faulty designation of his petition. The essential matter is his prayer contained therein: "that it may be decreed that compensation for partial incapacity should be paid" to him.

The appeal of the petitioner is sustained. The action of the Superior Court is reversed. The cause is remanded to the Superior Court with direction to permit the petitioner to file his amended petition and for further proceedings thereon.

*LeRoy G. Pilling*, for petitioner.

*Quinn, Kernan & Quinn, Michael De Ciantis*, for respondent.