PIERINI TARCHINI ERBA *vs.*
ERBA BROS., INC., FORMERLY PENNA COAL COMPANY.

MAY 19, 1950.

PRESENT: Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a petition under the workmen's compensation act, general laws 1938, chapter 300. It is brought by petitioner as the widow of Angelo Erba to recover compensation and other payments because of his death as the result of an accident admittedly arising out of and in the course of his employment by respondent. After a hearing in the superior court the relief prayed for was granted and a decree accordingly was entered. From that decree the respondent duly prosecuted its appeal to this court.

The evidence is undisputed that Angelo Erba, sometimes referred to as Angelo, is a relative of the two Erba brothers who owned and operated the respondent corporation in Providence, and that he had been employed by it as a striker or helper for a number of years prior to the accident in question. On July 10, 1946 he and another employee were taking about four tons of coal in respondent's truck to one of its customers. When they reached the latter's property Angelo got out and went behind the truck in order to assist the driver in placing a delivery chute into a window of the building. After this had been done the driver for convenience attempted to move the truck closer to the window. While it was being backed in that direction it descended an incline, went out of control, and Angelo, who was behind the truck directing the driver, was pinned between it and the building. An ambulance was called at once and the injured man was taken to a hospital but before arriving there he died of crushing injuries to his chest and abdomen.

It is not necessary to refer fully to the other facts appearing in evidence and a general outline thereof will suffice. Angelo, who had worked for the respondent company and its predecessor since 1921, went to Italy on a visit about 1930, met the petitioner in August of that year and married her at Almè, Province of Bergamo, on January 31, 1931.

About three months later he returned to Providence but his wife did not come with him as there was not enough money for her passage. Thereafter Angelo wrote to her almost every week from Providence stating that he would have her join him as soon as he could. By 1936 he had sent her certain necessary papers and money and she had obtained a passport and was ready to come to this country, but she could not leave Italy because of the difficulty of obtaining passage due to the use of steamships by the Italian government in its war with Abyssinia and because the United States consul in Genoa would not permit her to leave. Accordingly in July 1937 Angelo again went to Italy and lived in Strozza with the petitioner for approximately eleven months. Their daughter Margherita was born June 3, 1938, but Angelo had to leave Italy very soon after the birth of the child as his permit was about to expire and petitioner could not travel with him then because of her condition and the age of the baby.

Angelo thereafter continued to write to his wife and to send her money almost every month, but before arrangements to have her come to this country were completed the World War broke out. Under a treasury ruling Italy was regarded as an enemy on March 18, 1942. Thereafter communication with that country was not permitted and was again not fully authorized until October 2, 1945. Between those dates petitioner received no money from her husband and she and the child were supported by relief furnished by the Italian government. After the date last mentioned, on several occasions she received money from Angelo who in 1944 had become a naturalized citizen of the United States. Later while arrangements for her to come to Providence were being made she received word of her husband's death. Eventually she was assisted by his relatives to reach this country so that she could prosecute the instant petition.

The trial justice made the following findings of fact which were incorporated in the decree entered in the

superior court, namely, that Angelo Erba died as the result of injury arising out of and in the course of his employment with the respondent corporation on July 10, 1946; that his average weekly wage at the time of his death was $35; that at such time the petitioner was his lawful wife who was living apart from him for a justifiable cause and was wholly dependent upon him for support; and that at the time of his death a daughter Margherita, eight years of age, was entirely dependent upon him for support.

An examination of the transcript and the exhibits shows clearly that there was legal evidence, either direct or by reasonable inference, to support all the above findings and that respondent offered no evidence whatever bearing thereon. It merely called to the court's attention certain acts of congress and regulations thereunder relating to communications with the enemy, especially Italy. In the circumstances all such findings of fact become conclusive, in the absence of fraud, under the provisions of chap. 300, art. III, §6, including the one relating to the petitioner living apart from her husband "for a justifiable cause."

The finding just specifically mentioned is governed by chap. 300, art. II, §7. That section reads in part as follows: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (a) A wife upon a husband with whom she lives or from whom she was living apart for a justifiable cause, or because he had deserted her, or upon whom she is dependent at the time of his death. The findings of the superior court upon the questions of such justifiable cause and desertion shall be final." As far as the construction of such section in respect to the meaning of "justifiable cause" is concerned we see no reason for changing the holding made in *Broughey* v. *Mowry Grain Co.*, 61 R. I. 221, although respondent has urged us to do so.

In the final decree entered in the superior court it was ordered that respondent pay to petitioner compensation at the rate of $18 per week for a period of 600 weeks from

July 10, 1946 and also the sum of $300 for funeral expenses. In connection with the above award of compensation the respondent contends that the finding that the daughter Margherita was entirely dependent upon her father for her support is immaterial and that the award to petitioner based on such dependency is erroneous. Upon consideration we are of the opinion that respondent's contention is not sound. Such finding cannot properly be deemed to be immaterial since, apart from other considerations, it at least may have a bearing on the rights of the daughter in the event that she should survive her mother and the latter should die before the expiration of the 600 weeks for which compensation had been awarded. Moreover there is nothing in the record to support respondent's claim that the amount of the award to petitioner was based by the trial justice solely on his finding that the deceased's daughter was entirely dependent upon him for her support.

The award of compensation in a case of this kind, particularly in respect to the amount thereof and to whom it is to be paid, is specifically set out in public laws 1942, chap. 1246, amending G. L. 1938, chap. 300, art. II, §6, and reads in part as follows: "If death results from the injury, the employer shall pay the dependents of the employee, wholly dependent upon his earnings for support at the time of his injury, a weekly payment equal to 60% of his average weekly wages, earnings or salary, but not more than $16.00, nor less than $12.00 a week, for a period of 600 weeks from the date of the injury, except as hereinafter provided, in case the dependent is the widow of such employee upon whom are dependent one or 2 children of the deceased employee including adopted and stepchildren under the age of 18 years or over said age but physically or mentally incapacitated from earning, the employer shall pay such widow not more than $18.00 a week; and if there are dependent upon such widow 3 or more such children the employer shall pay such widow not more than $20.00 a week."

By making a finding in the decree that petitioner was entitled to compensation of $18 per week it is clear upon examination of the quoted provision of the act, and it is not disputed by respondent, that the trial justice must have reached that figure by adding to the maximum amount of $16 per week allowed a dependent widow the further sum of $2 because of the existence of the dependent daughter. It is our opinion that by necessary implication the above finding included one to the effect that at the time the instant petition was heard the daughter of the parties was then totally dependent for support upon the petitioner. In our judgment that last-mentioned finding was supported by legal evidence in the nature of reasonable inferences from all the evidence in the case. On this question the trial justice evidently gave little weight to the argument advanced by respondent that the daughter was being supported by petitioner's brother in Italy. At the time referred to petitioner was temporarily within this state prosecuting the present proceedings and merely for convenience had left her daughter in Italy in care of the brother. The award to the petitioner therefore was properly based on all the findings relating to the dependency of both the petitioner and her daughter. In the circumstances we find no error in the award to the petitioner of $18 per week as compensation.

The respondent also argues that it was improperly ordered to pay petitioner money for her husband's burial expenses. The evidence on that point shows that such expenses, which exceeded $300, were paid by the two Erba brothers from their personal funds. We fail to see how respondent can take advantage of that fact. The act definitely provides that if an employee dies as the result of an injury the employer shall pay the reasonable expense of his burial not to exceed $300. P. L. 1941, chap. 1059. That duty is clearly imposed on respondent and if any question later arises between petitioner and the two Erba brothers re-

specting the matter it is no concern of the respondent. We find therefore that the decree in this regard is correct.

Respondent also urges that it was prejudiced by the use, over its objection, of a certain interpreter at the hearing in the superior court, made necessary since the petitioner neither spoke nor understood the English language. This interpreter, who published a newspaper in English and Italian, had previously done some interpreting and he was fully instructed by the trial justice as to his duties. The selection of an interpreter ordinarily rests in the sound judicial discretion of the trial justice as an incident to the proper administration of the trial. Usually this court will not interfere with the exercise of such discretion unless abuse thereof is shown.

In this case it appears that a member of the bar who understood the Italian language advised and assisted the respondent's attorney during the trial. At one stage of the proceeding the trial justice offered to permit this attorney to act as interpreter but he declined. At no time did respondent offer any other person to the court to act in place of the interpreter selected and respondent's attorney cross-examined petitioner through that interpreter apparently without much difficulty. Also certain letters written by her husband to the petitioner in Italy a short time before his death were translated, with the agreement of the parties, by an officer of a Providence bank. An examination of the transcript leads us to believe that in the circumstances a reasonably satisfactory interpretation of petitioner's testimony was given. It is our opinion that respondent has not shown that the trial justice abused his discretion in his selection of the interpreter in question and that respondent was not thereby prejudiced so as to require a retrial of the case.

One other point remains for consideration. Under a general reason of appeal that the decree is against the law, but without any specific reason of appeal touching the subject, respondent raises here a question not presented

to the superior court. It maintains that, even assuming petitioner was in fact dependent on her husband at the time he died of his injury, she was not as a matter of law a dependent under the workmen's compensation act because at that time she was residing in Italy.

It is admitted that he lived and was fatally injured in this state. Therefore such compensation as his dependents may be entitled to accrued under the provisions of our workmen's compensation act. That statute is entirely silent respecting the materiality of the place of residence of such dependents. In some jurisdictions that matter has been covered by a specific provision of the governing act. Heretofore this court in *McGuinness* v. *Cornell Construction Co.*, 62 R. I. 382, following the death by accident of an employee, awarded compensation under our act to the latter's partially dependent mother and sister who had at all times lived in Ireland. In that case, however, the question now raised by respondent was not argued to this court or considered by it.

In support of its position, respondent argues that the workmen's compensation act is a form of social and economic legislation based on giving compensation for the loss of the employee's earning power and, generally speaking, for promoting the general welfare by diminishing the likelihood that an injured workman or his dependents might become public charges. Respondent further contends that such being the case the general assembly by the passage of the workmen's compensation act sought primarily to promote the general welfare of the people of this state and was not interested in the economic condition of a resident of a foreign country such as the petitioner was.

It may be granted that payment of compensation for loss of earning power, thus removing the immediate danger of those concerned from becoming a charge on the public, is in substance a primary object of the workmen's compensation act. In our judgment, however, the act in this state as drawn also authorizes, in a case where the em-

ployee has been fatally injured, the payment of compensation to those shown to be dependent for support on such employee under the terms of the act. It is our opinion that the emphasis therein is placed on the fact of dependency and not on the place of residence of the possible recipient of compensation. Further, we have repeatedly held that the workmen's compensation act is a remedial statute and that it should be liberally construed in order to effectuate its purpose. *Martin* v. *Silvertown Garage,* 54 R. I. 388.

In view of our above-stated conclusions and also of the fact that our workmen's compensation act contains no express provision definitely excluding the resident of a foreign country from receiving compensation when dependency in fact upon the deceased employee has been established under the act, we find that petitioner is not as a matter of law barred from receiving compensation in the instant case merely because she is a resident of Italy.

A similar position was taken by the court in *Derinza's Case,* 229 Mass. 435, where the act before that court, as here, contained no reference whatever to the right of a nonresident alien to receive benefits thereunder. After discussing the question at some length the court stated at page 442: "It would be difficult to read into the act by construction an exception adverse to the claims of nonresidents who are not alien enemies. * * * The result is that aliens who are residents of friendly nations and who are dependents and otherwise within the terms of the act, are not barred from compensation solely by reason of alienage." See also *Miami Coal Co.* v. *Peskir,* 80 Ind. App. 115. The respondent has cited and relies strongly upon the case of *Krzus* v. *Crow's Nest Pass Coal Co., Ltd.,* 16 B. C. 120, for its contention that the petition herein should be denied. It appears, however, that the above decision of the British Columbia supreme court was reversed by the privy council in a case under the same title reported in [1912] A. C. 590, where a view like that expressed in *Derinza's Case, supra,* was taken.

The appeal of the respondent is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Edward M. Brennan*, for petitioner.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan*, for respondent.