121 A.2d 644 (1956)
Vincent PERRI
v.
SCOTT TESTERS, Inc.
Equity No. 2356.
Supreme Court of Rhode Island.
April 3, as of January 17, 1956.
Michaelson & Stanzler, Julius C. Michaelson, for Providence, for petitioner.
Francis V. Reynolds, Richard P. McMahon, Providence, for respondent.
FLYNN, Chief Justice.
This is an employee's original petition for workmen's compensation under general laws 1938, chapter 300, as amended by public laws 1954, chap. 3297. It was heard by the full commission on the employee's appeal from a decree entered by a single commissioner denying and dismissing the petition, and thereupon the commission on October 7, 1954 rendered a unanimous decision which affirmed such decree and denied and dismissed the petition.
Subsequently, on the motion of the petitioner employee but over the written and *645 oral objections of the respondent employer, a decree in accordance with said decision was entered on October 29, 1954. Within ten days thereafter petitioner prosecuted his claim and reasons of appeal therefrom to this court. The respondent then moved to dismiss the appeal on the ground that it had not been taken within ten days of the decision, claiming such action was intended by the statute. At that time we denied the motion without prejudice and the respondent is again pressing the motion as well as its argument on the merits of the appeal.
The first question, therefore, is one of procedure. Both parties agree that appeals generally are governed by P.L. 1954, chap. 3297, art. III, sec. 6, which reads in part as follows:
"Sec. 6. Any person aggrieved by a final decree of the workmen's compensation commission under this chapter may appeal to the supreme court on the grounds hereinabove specified in section 4 of this article. The appellant shall take the following steps:
(a) Within ten days after the entry of said final decree he shall file a claim of appeal, and, if transcript of the testimony and rulings or any part thereof be desired, within the same time shall file a written request therefor."
However, they disagree on the meaning and effect of sec. 3 (g), which is an earlier provision of the same article. That section first provides for the procedure to be taken in order to appeal a decree of a single commissioner to the full commission. Thereafter the last portion of the final paragraph reads as follows:
"The full commission shall forthwith review the decree upon the record of the case and shall file a decision pursuant to the law and the fair preponderance of the evidence within ten days of the expiration of the time within which the parties may file such briefs and memoranda, and if the decision requires the entry of a new decree, notice thereof shall be given the parties, and the new decree shall be entered in the same manner as the original decree, but if the decision of two commissioners does not require the entry of a new decree, the decree shall be affirmed." (italics ours)
The respondent contends that petitioner's instant appeal was claimed more than ten days after the full commission's decision affirming the decree of the single commissioner; that the case at that time had been ended by such decision; and that since there was nothing pending there was no jurisdiction or authority in the commission to enter the decree appealed from. In this connection respondent argues plausibly that by expressly providing for entry of a new decree only if required by the decision of two commissioners, it is thereby to be implied that a decree which is affirmed need not be re-entered and indeed is not permitted.
However, that is not precisely the language used in this paragraph, nor is it the only implication to be drawn therefrom. While sec. 3 (g) expressly provides for the entry of a new decree where the decision of two commissioners requires it, nowhere does the language preclude the full commission from entering a final decree where the decision affirms the decree of a single commissioner. Nor does the statute, expressly or by necessary implication, provide that such a decision as here, without more, shall cause the decree of a single commissioner to become final by operation of law.
In our opinion the language of the statute in this respect is not clear or, more accurately, it is not complete. There appears to be a gap in the procedure. The construction to be made should permit, if reasonably possible, the operation of other provisions, particularly those in sec. 6 which expressly provide for an appeal only from a final decree. Moreover procedures in workmen's compensation cases follow the course of equity and equity speaks only through its decrees. Consequently appeals in equity generally are not taken from decisions but only from final decrees in accordance with decisions.
*646 Moreover, it is well settled that the act should be construed liberally to effectuate its evident purposes. Erba v. Erba Bros., Inc., 77 R.I. 75, 83; 73 A.2d 697; Condon v. First National Stores, Inc., 65 R.I. 129, 136; 13 A.2d 684; Lopes v. B.B. & R. Knight, Inc., 50 R.I. 16, 22, 144 A. 439. In our judgment the respondent's implication based on language used elsewhere as to the entry of another form of decree calls for a strict rather than a liberal construction.
Furthermore the statute does not provide expressly that such decree becomes final by operation of law as of the date of the commission's decision. It merely provides that "if the decision of two commissioners does not require the entry of a new decree, the decree shall be affirmed." No reference is made as to when or how such affirmance will become effective, but ordinarily a decree in equity would be entered in accordance with the decision. In the circumstances we hesitate to hold that the legislature intended by the language in sec. 3 (g) to bar the commission from entering a final decree in accordance with its decision affirming a decree of a single commissioner. In the absence of statutory provision to the contrary we are of the opinion that an appeal was intended to be taken only from a final decree, as in sec. 6, and that the full commission had the authority to enter such a decree in accordance with its decision affirming the decree of a single commissioner, sec. 3 (g).
In that connection we are informed by counsel for both parties that since the inception of this appeal the commission has established the practice of entering a final decree of affirmance at the time of its decision. In our judgment such action will not only conform to sec. 6 but will give each party notice of the time when the appeal period begins to run. We expressly approve this practice as being in accordance with the intent of the pertinent provisions of the act as we construe it. Accordingly the respondent's motion to dismiss the appeal is denied.
In view of that ruling, the merits of the appeal are now before us for consideration. It is not disputed that petitioner was in the employ of the respondent corporation; that on June 4, 1954 operation of the plant was suspended as usual between noon and 1 p.m.; that petitioner ate his lunch on the plant premises; and that after he had finished, about 12:20 p.m., he decided to read a newspaper while waiting for the plant to resume operations. It further appears that, to provide more light for his reading, he reached his right hand above his head to pull the chain or turn on the switch of a light over his machine; that he felt a sharp pain in his shoulder and dropped to his knees, apparently in pain; and that he arose and went immediately to the superintendent's office requesting the clerk to telephone to his doctor for an appointment. Pursuant thereto he visited the office of his doctor, an osteopath, and then returned to the plant to report the incident to his foreman. On the following Monday he returned to work and remained during that week. Complaining that the pain in his shoulder grew worse he remained out of work between June 14 and August 2, 1954, during which time he incurred medical expenses and a small hospital bill for X rays.
The petitioner's appearance of pain was corroborated by the clerk in the superintendent's office, although nobody saw him actually reaching to turn on the light or falling as he testified. His injury was described substantially in the petition and in his doctor's report of July 15, 1954, as "Injury to shoulder; strained right shoulder, acromio-clavicular subluxation, subacromial bursitis."
The petitioner admits that while working for other employers he had previously sustained a dislocated right shoulder and at another time an injury to his ankle, and also that he was attended at such times by the doctor who wrote the letter describing the injury he now complains of. It also appears that neither he nor any other employee was required to remain on the premises during the lunch hour, or to eat his lunch there. Nor did respondent provide, as a part of the employment or the conditions thereof, the *647 catering facilities which were brought in from outside. Further, petitioner received no pay for his noon hour.
In support of his appeal, counsel for petitioner first argues that the evidence is uncontradicted and presents only a question of the legal meaning and effect thereof. We do not agree with this contention because there is a conflict, particularly in the medical testimony. The X rays taken at the hospital shortly after the incident were introduced and the report thereon by a doctor shows there was no evidence of any of the injuries as described in the petition and in the diagnosis of petitioner's doctor. Such evidence would support a reasonable inference that no such injury as described in the petition had been suffered on that date.
However, the commission were disposed to base their decision on the ground that petitioner had not proved by a preponderance of the evidence that his injury, whatever it may have been, was causally connected with his employment. It is the burden of petitioner to establish such a causal connection in order to prove that his injury was one "arising out of and in the course of his employment * * *." Walsh v. River Spinning Co., 41 R.I. 490, 103 A. 1025, 13 A.L.R. 956. Moreover a mere injury sustained while on the premises during the noon hour would not of itself necessarily establish such causal connection. Almeida v. United States Rubber Co., 107 A.2d 330; Di Libero v. Middlesex Construction Co., 63 R.I. 509, 517, 9 A.2d 848. See Wilder v. Russell Library Co., 107 Conn. 56; Spiller v. Industrial Comm'n, 331 Ill. 401, 163 N.E. 406, 60 A.L.R. 1397.
We have examined the transcript and there appears to be evidence to support the commission's ultimate finding that the petitioner had not established that his injury, assuming it was the same as described in the petition, was causally connected with his employment or the conditions thereof and was referable thereto. Consequently there is no error of law.
The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.
CAPOTOSTO and BAKER, JJ., not participating.