John BILLINGTON (Joanne Seeker as Natural Guardian and Next Friend of Sarah Lorelei Billington, Sole Dependent of John Billington)

v.

FAIRMOUNT FOUNDRY.

No. 98–185–M.P.

Supreme Court of Rhode Island.

Jan. 22, 1999.

John Harnett, Providence, for plaintiff.

Peter S. Haydon, East Greenwich, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

GOLDBERG, Justice.

This case came before the Supreme Court on a petition for certiorari filed by the employer, Fairmount Foundry (Fairmount), from a final decree of the Workers' Compensation Court Appellate Division (Appellate Division), which affirmed the trial judge's decision to award an annual four percent cost of living increase in weekly compensation benefits to a dependent child of a deceased Fairmount worker. For the reasons that follow, we deny Fairmount's petition and quash the writ.

On February 20, 1989, John Billington (Billington) died in a work-related accident that occurred in the course of his employment at Fairmount. Although Billington was unmarried at the time of his death, he was survived by a daughter, Sarah Lorelei Billington (Sarah). On October 13, 1989, the then-Workers' Compensation Commission (now the Workers' Compensation Court) entered a decree ordering Fairmount to pay weekly compensation benefits to Sarah, Billington's sole dependent, effective February 21, 1989, and continuing pursuant to G.L. 1956 § 28–33–12.[1] Thereafter, on February

1. General Laws 1956 § 28–33–12, entitled "Death benefits payable to dependents," pro-   vides in part:

3, 1997, Joanne Seeker, Sarah's mother and natural guardian, filed a petition to enforce the decree and pursuant to § 28–33–12(g), sought payment of an annual four percent cost of living increase retroactive to February 21, 1990.

On September 22, 1997, following a trial on stipulated facts, the trial judge rejected Fairmount's argument to construe chapter 33 of title 28 narrowly and literally so that only "[a] surviving spouse *** shall receive an annual cost of living increase of four percent." Section 28–33–12(g). Instead, the trial judge relied on this Court's opinions in *Brogno v. W & J Associates, Ltd.*, 698 A.2d 191, 194 (R.I.1997), which stated that "the Workers' Compensation Act [should be construed] liberally in order to effectuate its benevolent purpose," and on *Erba v. Erba Bros., Inc.*, 77 R.I. 75, 82, 73 A.2d 697, 701 (1950), wherein we stated that one of the primary objectives of the Workers' Compensation Act is to avoid a situation where an injured worker (or in this case the sole dependent of a deceased worker) "becom[es] a charge on the public."

Relying on § 28–33–12 and the aforementioned opinions, the trial judge concluded that in cases where there is no surviving spouse following the death of an injured employee, "the compensation payable under this Chapter shall be paid to the employee's dependent child or children." In other words, as the trial judge reasoned, "the dependent child steps into the shoes of the surviving spouse," and therefore the child is entitled to the four percent cost of living increase provided by § 28–33–12(g). Consequently, the

trial judge granted the petition to enforce, found Fairmount in contempt for failing to pay the annual cost of living increase, and assessed a twenty percent penalty on all amounts due. In addition, the trial judge ordered Fairmount to pay counsel fees and the filing cost associated with this case. Fairmount appealed.

Similar to the arguments advanced before the trial judge, Fairmount suggested to the Appellate Division that § 28–33–12(g) must be construed literally and may not be read in conjunction with § 28–33–12(b), which provides, *inter alia*, that if there is no surviving spouse upon the injured employee's death, the compensation shall be paid to the deceased employee's dependent child or children. In other words, Fairmount reasserted that pursuant to § 28–33–12(g) the surviving spouse, and only the surviving spouse, is entitled to an annual four percent cost of living increase. Following the same rationale as the trial judge, a majority of the Appellate Division rejected Fairmount's argument and instead relied on *Gilbane Co. v. Poulas*, 576 A.2d 1195, 1196 (R.I.1990), and *McGee v. Stone*, 522 A.2d 211, 216 (R.I.1987), for the proposition that a legislative act must be read in its entirety and viewed in light of the circumstances and purposes that motivated its passage.[2] On April 10, 1998, Fairmount petitioned this Court for a writ of certiorari, which we granted.

■■■ It is well settled that "[i]n construing the provisions of statutes that relate to the same or to similar subject matter, the

"(a)(1) If death results from the injury, the employer shall pay the dependents of the employee wholly dependent upon his or her earnings for support at the time of his or her injury or death, whichever is the greater in number, a weekly payment equal to the rate that would have been payable for total incapacity to the deceased employee under the provisions of § 28–33–17, except as hereinafter provided in case the dependent is the surviving spouse or child under the age of eighteen (18) of that employee.
"***

"(b) Upon the remarriage or death of the surviving spouse *or if there be no surviving spouse then upon the death of the injured employee, the compensation payable under this*

*chapter shall thereafter be paid to those dependent child or children of the injured employee ***.*
"***

"(g) A surviving spouse entitled to benefits under this section shall receive an annual cost of living increase of four percent (4%) on every anniversary date of the receipt of his or her first payment for so long as he or she is eligible for benefits under this section *."* (Emphasis added.)

2. The Appellate Division affirmed the trial judge two-to-one. The dissent agreed with Fairmount and concluded that § 28–33–12(g) was clear on its face and thus should be given its plain and ordinary meaning.

court should attempt to harmonize each statute with the other so as to be consistent with their general objective scope." *Kaya v. Partington,* 681 A.2d 256, 261 (R.I.1996). More importantly, we shall not "interpret a legislative enactment literally when to do so would produce a result at odds with its legislative intent. \*\*\* Rather, we will give the enactment 'what appears to be the meaning that is most consistent with its policy or obvious purposes.'" *Kirby v. Planning Board of Review of Middletown,* 634 A.2d 285, 290 (R.I.1993) (quoting *Zannelli v. DiSandro,* 84 R.I. 76, 81, 121 A.2d 652, 655 (1956)). *See also Fontaine v. Caldarone,* 122 R.I. 768, 771, 412 A.2d 243, 245 (1980) ("we are \*\*\* aware that the provisions of the Workers' Compensation Act are to be liberally construed to effectuate the benevolent purpose that led to its enactment").

■ Accordingly, after reviewing § 28–33–12, we agree with the trial judge and the Appellate Division that the Legislature intended a deceased employee's dependent child or children to "step[ ] into the shoes of the surviving spouse." As we construe the various subparts of § 28–33–12, "the compensation payable under this chapter" to any dependent child or children upon the death of the injured employee (in the absence of a surviving spouse), *see* § 28–33–12(b), includes the "annual cost of living increase of four percent (4%)," which otherwise would be payable to a surviving spouse under § 28–33–12(g). Therefore, we hold that Sarah is entitled to receive the same benefits (including the annual four percent cost of living increase) that a surviving spouse would have been entitled to receive absent a prior divorce, death, or remarriage. Moreover, we agree with the conclusion reached by the Appellate Division that in most circumstances, a sole surviving dependent child is indeed more vulnerable to becoming "a charge on the public" than a surviving spouse, and thus we reject Fairmount's suggestion that the Legislature intended for a child in Sarah's position to receive less benefits than a surviving spouse. Such an interpretation would frustrate the humanitarian goals of the Workers' Compensation Act.

For the reasons stated, the petition for certiorari is denied and the writ previously issued is quashed. The decree of the Appellate Division is affirmed, and the papers in this case are remanded to the Workers' Compensation Court.