WILLIAM H. GREGSON *vs.* SUPERIOR COURT.

MARCH 10, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J. This is a petition for a writ of mandamus to be directed to the Superior Court commanding it to return the papers in the case of Gregson *v.* Waldman, now in the clerk's office of said court, to the District Court of the Twelfth Judicial District for further proceedings in that court.

It appears that the writ and declaration in said case were entered in the District Court on the return day of the writ. The defendant entered his appearance upon the entry day and the case was continued to a day certain for trial. On the day fixed for trial the defendant did not appear. The court made the entry on the writ that the defendant was "defaulted," and thereupon on proof of claim entered "judgment" for the plaintiff. Within two days after this entry the defendant filed with the clerk of the District Court a written claim of jury trial and paid to the clerk, the plaintiff's costs in the case. The clerk then certified and transmitted the case and the papers to the Superior Court where it was placed on the docket of that court. The plaintiff (the petitioner at bar) thereupon filed in the Superior Court his motion asking that the defendant's claim of jury trial be dismissed and that the case be remanded to the District Court for further proceedings following the "judgment."

This motion was heard before a justice of the Superior Court and by him denied. The petitioner then filed the

petition now at bar, calling for a review of the action of the Superior Court in denying the plaintiff's motion.

Two questions have been argued before us: first, whether this court should give to the petitioner a review of the alleged error of the Superior Court through the medium of a petition for mandamus and, second, if, upon this petition, the court ought to review the action of the Superior Court, was such action erroneous?

By its ruling on the petitioner's motion the Superior Court assumed jurisdiction of the case certified to it. The petitioner has an adequate method for review of that ruling, provided by statute, through an exception. It is the settled practice of this court to regard its jurisdiction over extraordinary writs, in appellate proceedings, as not intended to supersede or supplement the methods for review specifically provided by statute, unless it is made to appear that if the ruling in question be erroneous a delay in its determination will work an irreparable injury to the party seeking review. That situation is not presented in this matter. Upon the first ground the writ should be denied. *Chew* v. *Superior Court*, 43 R. I. 194.

The court's conclusion upon the first of the above questions is decisive of the petition. The other question, however, has been argued at length before us. It involves an important matter of practice in district courts as to which the action of the courts in the several districts should be uniform. We feel that we should pass upon the latter question.

The petitioner's contention is sound that the statute permits a claim of jury trial to be made in a case in a district court only on the entry day of the writ or, in cases other than those for the possession of tenements let or held at will or by sufferance, within two days, exclusive of Sundays and legal holidays, after the decision is made; and that a claim of jury trial can not be made after judgment in the District Court. If, in the case at bar, the action of the justice of the District Court taken after the defendant failed to appear

for trial was in law the entry of a judgment then the petitioner's contention is warranted, and the case should not have been certified to the Superior Court for a jury trial. In support of his claim that the justice properly entered a judgment, the petitioner relies upon the provisions of Section 1, Chapter 344, General Laws, 1923, a portion of which, essential to the question before us, is as follows: "Section 1. Upon default or submission of the defendant in any case at law, judgment shall be entered at any time thereafter on *ex-parte* motion and proper proof of claim. In answered cases, in district courts, for possession of tenements let or held at will or by sufferance, judgment shall be entered on the second day (exclusive of Sundays and legal holidays) after rendition of decision, and in all other answered cases in any court, judgment shall be entered on the seventh day following the day of the rendition of the verdict or the decision of the court, unless some motion operating as a stay be filed."

The word "default" in legal proceedings may have reference to the failure of either party to take any step required of him in the progress of the cause. A defendant is in default if he omits to answer an action commenced against him. He is also in default if, having answered, he neglects to appear at the time fixed for trial and make his defense. The petitioner's argument proceeds upon the theory that the first sentence of the section just quoted provides for the entry of judgment in either case of default. The language indicates that in the section actions at law are divided into two general classes with reference to the entry of judgment: first, those cases, within the provisions of the first sentence, which are unanswered, and hence defaulted, or in which the defendant without filing a plea has submitted to the jurisdiction of the court and confessed or consented to the entry of judgment against him; and, second, those cases, within the provisions of the second sentence, which have been answered. The court in *King* v. *Rhode Island Co.*, 27 R. I. 112, adopted this view as to the

nature of the default upon which judgment may be entered under the first provision of the section. In that answered case the defendant had submitted to a default when the case was reached on the trial calendar. It was urged by counsel that the case should proceed to judgment before a judge in chambers upon *ex-parte* motion and proof of claim under the provisions of General Laws, Chapter 246, Section 1 (now Section 1, Chapter 344, General Laws, 1923, quoted above). The court held that proceedings for the entry of judgment in defaulted cases under the first provision of that section were restricted to unanswered, *ipso facto* defaulted, cases.

As the judgment entered by the District Court in the case at bar was not warranted under the first provision of the section, judgment in the case could have been entered, if at all in the District Court, solely under the second provision relating to answered cases, *i. e.*, on the seventh day following the day of the rendition of a decision in the case. That was the view taken by the court in *Lavelle v. Kimball*, 18 R. I. 786, which construed the statutory provisions that we have been considering as requiring that in answered cases there shall be (1) a decision of the court and (2) a judgment seven days thereafter, unless there has been a stay under the provisions of the act, *e. g.*, because of a claim of jury trial duly filed.

The petitioner claims that in a defaulted case a decision, as that term is defined in the statute, can not be entered as there has been no trial of the case. The language of the statute is: "Sec. 20. In every case tried by the district court or by the superior court without the intervention of a jury, the court deciding the same shall briefly note its conclusions of law and fact on its docket, or file the same with the papers in the case, and such record shall be known as a decision." Section 20, Chapter 338, General Laws, 1923. There is much force in the contention of the petitioner in this regard. The matter was considered in *Lavelle v. Kimball, supra,* Undoubtedly influenced by the provision that

in all answered cases there should be the entry of a preliminary decision before judgment, a conclusion was reached in that case which is adverse to the petitioner's claim here. In that case, which was answered, the defendant without trial submitted to judgment. The entry was made on the papers of the case: "Deft submits to judgment for $73.75." Although there had not been a trial, and the defendant's submission was for the entry of a judgment and not a decision, the court held that "The entries on the docket or papers are deemed to be a decision within the use of that term in the act." In *Dorney* v. *Ives*, 36 R. I. 276, which was an answered case in a district court, the parties without trial agreed to the entry of a decision for the defendant. Within two days after the entry of their agreement the plaintiff claimed a jury trial. This claim was dismissed in the Superior Court on the ground that it could not be claimed after a decision entered by consent and not after trial by the court. This court held that the ruling of the Superior Court was erroneous. *Lavelle* v. *Kimball, supra,* has been approved in *White* v. *Eddy,* 19 R. I. 108, and in *Dorney* v. *Ives, supra.* Those cases establish the broad and liberal practice, that, in answered cases in district courts, whether or not there has been a trial, before the entry of judgment there shall be a preliminary entry known as a decision; that, save in so-called tenement cases, within two days after such decision a jury trial may be claimed, and that the decision may properly be entered after a trial, upon default, by submission, or by agreement.

We had been of the opinion that after the decision in *Lavelle* v. *Kimball, supra,* this practice had been followed in all district courts. The petitioner's counsel states, however, that in recent years this practice has not prevailed, at least in the district court of the twelfth judicial district. The ruling of the justice of the Superior Court was without error.

The petition for writ of mandamus is denied.

*James H. Rickard,* for petitioner.

*Stephen J. Casey,* for respondent.