Coos
No. 7247

STATE OF NEW HAMPSHIRE

v.

WILLIAM G. MITCHELL

December 31, 1975

*Warren B. Rudman,* attorney general, and *Richard B. McNamara,* attorney, by brief, for the State.

*William G. Mitchell,* pro se, by brief.

GRIFFITH, J. On September 3, 1974, the defendant, a New Hampshire resident since 1968, was convicted in the Gorham District Court of operating a car without a license to drive in violation of RSA 261:13; *cf.* RSA 261:19. On appeal to the superior court, he was again convicted in a jury-waived trial de novo. The Trial Court (*Bois,* J.) reserved and transferred the defendant's exceptions.

The defendant claims that the provision of RSA 261:1 requiring surrender of all valid operator's licenses issued by other jurisdictions as a prerequisite to the issuance of a New Hampshire driver's license is violative of the due process clause of the fourteenth amendment. We have considered the constitutional issue raised because the defendant appears pro se, although a constitutional attack on a statute is not properly made in this context. *See Bryson v. United States,* 396 U.S. 64 (1969); *United States v. Knox,* 396 U.S. 77 (1969). This is not to be considered a precedent for future cases.

The requirement that valid licenses from other jurisdictions be surrendered serves a legitimate state objective *(Tiews v. School Dist.,* 111 N.H. 14, 20, 273 A.2d 680, 684 (1971)) in the prevention of potential fraudulent use of licenses and is not violative of the fourteenth amendment since it is applied to all persons. *State v. Woodman,* 114 N.H. 497, 323 A.2d 921 (1974). "If the statute barred the issuance of licenses to all motorists who did not carry liability insurance or who did not post security, the statute would not, under our cases, violate the Fourteenth Amendment." *Bell v. Burson,* 402 U.S. 535, 539 (1971). *Bell v. Burson* holds that whether a license to drive is a right or a privilege, it may not be suspended without due process. "Once licenses are issued . . . their continued possession may become essential in the pursuit of a livelihood." *Id.* at 539. The importance of the license to drive lies in the fact that its possession allows a person to legally operate a motor vehicle. It is the right to drive, not the license, that comes under the protection of due process. The defendant's reliance on *Bell v. Burson supra,* and its progeny is misplaced since RSA 261:1 does not prevent the defendant from obtaining a valid New Hampshire driver's license. The required surrender of other valid licenses to drive is analogous to the required surrender of any "previous valid or potentially valid" passport upon application for a new passport. 22 C.F.R. § 51.8 (a) (1975). As with the license, it is not the passport but the constitutional right to travel which may not be denied without due process. *United States v. Laub,* 385 U.S. 475 (1967).

Defendant argues that retention of his Massachusetts license would permit him to drive at an age when he could no longer pass a driver's test or a New Hampshire reexamination mandated at age seventy-five by RSA 261:3-a (Supp. 1975). A person who is or becomes incompetent to drive has no constitutional right to obtain or retain a driver's license. 7 Am. Jur. 2d *Automobiles and Highway Traffic* § 106 (1963); Annot., 38 A.L.R.3d 452 (1971).

*Exceptions overruled.*

All concurred.