386 A.2d 189.

ROBERT E. DANA *v.* EUGENE P. PETIT, JR., *Registrar.*

RAYMOND T. BURTON *v.* EUGENE P. PETIT, JR., *Registrar.*

MAY 11, 1978

PRESENT: Bevilacqua, C.J., Joslin, Kelleher and Doris, JJ.

Doris, J.  The petitioners in these cases challenge an administrative regulation of the Division of Motor Vehicles (the division) which requires that a motor vehicle operator, prior to being given a hearing on his refusal to submit to a

breathalyzer test, surrender his permanent driver's license to the division in exchange for a temporary permit pending the out-come of the hearing. Because of the similarilty of the issues presented, these cases were consolidated for argument and decision.

On November 21, 1975, Robert E. Dana, petitioner in No. 77-324-M.P., was stopped by a police officer in Narragansett for driving without headlights. Dana was placed under arrest when it appeared that he had been operating a motor vehicle under the influence of an intoxicant. Despite being warned that he could lose his driver's license for six months, Dana refused to submit to a breathalyzer test.

On December 5, 1975, respondent Eugene P. Petit, Jr., Assistant Director of Transportation, Division of Motor Vehicles (the registrar), ordered Dana's license suspended for six months effective December 30, 1975. Dana filed a timely request for a hearing, and on March 16, 1976, he was notified by certified mail that a hearing would be held on March 31, 1976. This notice included a statement instructing Dana that he would be required to surrender his driver's license prior to the hearing in exchange for a seven-day permit, within which time a final decision would be rendered on the issue of his suspension.

Dana appeared with counsel at the scheduled hearing. However, he neglected to bring his driver's license with him, and he was defaulted by the hearing board. Because of this default, the order suspending Dana's license was affirmed by the registrar. Dana appealed the suspension order to the Superior Court, which dismissed the appeal and affirmed the administrative decision. Dana then filed a petition for a writ of certiorari with this court. We granted the petition and issued the writ. *Dana* v. *Petit*, 119 R.I. 923, 379 A.2d 933 (1977).

On August 2, 1976, Raymond T. Burton, petitioner in case No. 77-402-M.P., was involved in a traffic accident in War-

wick. Burton appeared to be under the influence of an intoxicant and was placed under arrest by a police officer. Burton also refused to submit to a breathalyzer test despite being warned that his driver's license might be suspended for six months.

Because of his refusal to take the breathalyzer test, Burton's driver's license was suspended by the registrar effective October 11, 1976. He seasonably requested a hearing before respondent and was subsequently notified that his hearing would be held on April 6, 1977. Burton was also advised that he would be required to surrender his license prior to the hearing.

Burton appeared at the scheduled hearing with counsel, but he also failed to bring his driver's license with him. Burton was defaulted by the hearing board, and the order suspending his license was affirmed. Burton appealed the suspension order to the Sixth Division District Court,[1] which dismissed the appeal and affirmed the administrative decision. Burton then filed a petition for a writ of certiorari. We granted the petition, issued the writ, and ordered this case consolidated with the Dana case. *Burton v. Petit*, 119 R.I. 929, 380 A.2d 1345 (1977).

The first argumement advanced by petitioners is that the hearing board had no authority to default them because they failed to surrender their drivers' licenses prior to the hearing. Relying on *Bell v. Burson*, 402 U.S. 535, 91 S. Ct. 1586, 29, L. Ed. 2d 90 (1971), petitioners assert that they are not constitutionally required to surrender their licenses until after

---

[1]Prior to the enactment of P.L. 1976, ch. 140, §15, all appeals from the decisions of the Division of Motor Vehicles were taken to the Superior Court for the counties of Providence and Bristol pursuant to G.L. 1956 (1968 Reenactment) §31-31-2. Effective October 1, 1976, all such appeals must now be filed in the Sixth Division District Court. The petitioner Dana's appeal was filed prior to the new act; petitioner Burton's appeal was filed subsequent to it.

they have been afforded a full hearing. Therefore, to default them for failing to surrender their licenses is to deny them a hearing because they have chosen to exercise a constitutional right.

It is fundamental that every state has the power to suspend or revoke the motor vehicle operating privileges of its citizens for just cause. *Glass* v. *Commonwealth of Pennsylvania,* 460 Pa. 362, 367, 333 A.2d 768, 770 (1975). Since *Bell* v. *Burson, supra,* however, the right to operate a motor vehicle, absent exceptional circumstances, may be suspended or revoked only in a manner consistent with procedural due process.

The *Bell* decision involved a challenge to the Georgia motor vehicle safety responsibility act, which provided that the driver's license of an uninsured motorist involved in an automobile accident would be suspended unless that motorist posted sufficient security to cover any damages claimed by an aggrieved party in the accident report. Pursuant to the act, the license was suspended without regard to the potential fault of the uninsured motorist.

The Supreme Court, however, held that "[s]uspension of issued licenses * * * involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment." *Bell* v. *Burson, supra* at 539, 91 S. Ct. at 1589, 29 L. Ed. 2d at 94. Procedural due process in that case required that notice and an opportunity for a hearing be afforded to the licensee prior to the suspension of the license becoming effective. *Id.* at 542, 91 S. Ct. at 1591, 29 L. Ed. 2d at 96.

Due process rights required under *Bell* are afforded licensees in this state who refuse to submit to breathalyzer tests. General Laws 1956 (1968 Reenactment) §31-27-2.1 provides the right of notice and opportunity for a hearing to all such licensees. The petitioners do not challenge these due process rights afforded by the statute. Rather, they challenge an adminstrative regulation which requires such licensees to

surrender their license prior to the hearing in exchange for a temporary seven-day permit.[2]

We hold that the challenged regulation does not violate petitioners' due process rights. The regulation does not contravene the *Bell* decision because the drivers' licenses of those requesting hearings are not suspended prior to the hearing. Rather, they are merely exchanged for a temporary license pending final disposition of the hearing. The use of this license exchange procedure serves the rational state objective of attempting to avoid problems inherent in recovering licenses of those operators against whom an adverse decision has been rendered by the division.

"The importance of the license to drive lies in the fact that its possession allows a person to legally operate a motor vehicle. It is the right to drive, not the license, that comes under the protection of due process." *State* v. *Mitchell,* 115 N.H. 720, 721, 349 A.2d 862, 863 (1975). Because the right of a licensee to operate a motor vehicle is scrupulously protected pending resolution of the hearing, and the suspension of the license occurs only after an adverse result is reached, petitioners are not deprived of due process by the requirement that they exchange licenses prior to the hearing.

Having held that due process is not violated by the challenged regulation, we feel that petitioners clearly had no constitutional right to retain their licenses under the circumstances. The failure of petitioners to fulfill the valid condition precedent to the holding of a hearing constituted

---

[2]The full text of the regulation, issued by the Division of Motor Vehicles on October 29, 1975, and filed with the Secretary of State on October 31, 1975, states:

"No hearing, under the provisions of Section 31-27, shall be granted with regard to refusal to take a Breathalyzer test or chemical test, unless the party requesting the hearing submits his or her license at the time of the hearing. A temporary license shall be issued to the party requesting the hearing at the time of the hearing. This license will grant the party driving privileges for a seven day period. After a hearing the Board shall, within said seven day period, either return the original license to the party, or notify him or her of the suspension of his or her license."

an intentional waiver of their right to that hearing. Therefore, they were properly defaulted for failing to take a required step in the hearing process. *Cf. George E. Merewether, Inc.* v. *Equi,* 53 R.I. 148, 149, 165 A. 219, 219-20 (1933); *Gregson* v. *Superior Court,* 46 R.I. 362, 365, 128 A. 221, 222 (1925).

The final argument advanced by petitioners is twofold in nature. First, petitioners assert that the challenged regulation is void by reason of ultra vires. Second, they assert that in any event the regulation is void because it was not properly promulgated. There is no merit in either contention.

Pursuant to G.L. 1956 (1977 Reenactment) §42-13-2(6), the division is under the direction of an assistant director of transportation who carries the title of registrar. The registrar is empowered under §31-2-4 to adopt and enforce rules and regulations necessary to carry out the provisions of title 31. In the exercise of that authority, the regulation challenged herein by petitioners was adopted.

The petitioners contend that because the Legislature has enacted several statutes dealing with situations in which a motorist may be required to surrender his license to a registry or other law enforcement officer, the registrar has no authority to regulate in this area. Neither petitioner has presented any authority for this proposition, and we find that both have failed to meet their burden of demonstrating to us that this regulation is not a valid exercise of the registrar's rulemaking powers.

The regulation in question is one which attempts to set forth the responsibility of the registrar to hold hearings for motorists who have failed to submit to a chemical or breathalyzer test. It is an attempt to avoid the situation in which a motorist fails to turn over his license following an adverse result by the hearing board and the situation in which a motorist alleges that he forwarded his license to the registry while the registry claims not to have received it. The regulation does not prejudice the motorist in any way, nor does it violate any constitutional or statutory right.

We also find that the petitioners have failed to demonstrate that the regulation in question was improperly promulgated. Their contention is that only the registrar may promulgate rules and regulations, and they point to the fact that the regulation in question was published bearing the name of one holding the position of "acting assistant director of transportation — division of motor vehicles." There was no evidence presented below in either case indicating the reason why the regulation was promulgated by an "acting" registrar. The fact that such an official promulgated this regulation is in itself not sufficient reason for this court to hold the regulation void.

Both petitions for certiorari are denied and dismissed, and the writs heretofore issued are quashed. The records certified to this court in case No. 77-324-M.P. are ordered returned to the Superior Court with our decision endorsed thereon, and the records certified to this court in case No. 77-402-M.P. are ordered returned to the District Court with our decision endorsed thereon.

Mr. Justice Weisberger did not participate.

*Aram K. Berberian,* for petitioners.

*F. Thomas O'Halloran,* Office of Special Counsel, Department of Transportation, for respondent.