Strafford
No. 95-745

VICTOR M. BRAGG

v.

DIRECTOR, NEW HAMPSHIRE DIVISION OF MOTOR VEHICLES

March 17, 1997

*Stephen T. Jeffco*, of Portsmouth, for the plaintiff, filed no brief.

*Jeffrey R. Howard*, attorney general (*Stephen J. Judge*, senior assistant attorney general, on the brief, and *Jennifer Brooks Gavilondo*, attorney, orally) for the defendant.

BRODERICK, J. The defendant, the director of the New Hampshire Division of Motor Vehicles (DMV), appeals the Superior Court's (*Fitzgerald*, J.) grant of plaintiff Victor M. Bragg's motion to dismiss an administrative license suspension order. We reverse and remand.

Following the plaintiff's refusal to take a chemical test after his arrest for driving while intoxicated on March 25, 1995, his driver's license was suspended for 180 days pursuant to RSA 265:91-a (1993) (amended 1995). On April 27, 1995, the DMV held an administrative hearing to review the license suspension, *see* RSA 265:91-b (1993) (amended 1995); on May 12, 1995, it upheld the suspension until October 21, 1995. The plaintiff appealed this decision to the superior court on May 25, 1995. *See* RSA 263:75 (Supp. 1996). The plaintiff

learned on July 17, 1995, that the superior court's record review of the DMV decision would begin after November 4, 1995, approximately two weeks after his license was scheduled to be restored. The plaintiff moved to dismiss the action and have his license restored, arguing, among other things, that the delay in scheduling the record review deprived him of due process. The trial court granted the motion, dismissing the case and vacating the administrative license suspension. This appeal followed.

We note at the outset that in granting the plaintiff's motion the trial court did not specify whether it relied upon the State or the Federal Constitution. In this instance due process under part I, article 15 of the New Hampshire Constitution provides individuals at least as much protection as the fourteenth amendment to the United States Constitution. *See Mackey v. Montrym*, 443 U.S. 1, 10-19 (1979) (statute mandating license suspension for failure to take a chemical test does not on its face violate due process under fourteenth amendment). We therefore decline to undertake a separate federal analysis. *See State v. Newcomb*, 140 N.H. 72, 78, 663 A.2d 613, 617 (1995).

█ Our constitution provides that no citizen "shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land . . . ." N.H. CONST. pt. I, art. 15. "[T]he law of the land" is synonymous with "due process of law." *Petition of Bagley*, 128 N.H. 275, 282, 513 A.2d 331, 337 (1986). The defendant argues that the administrative hearing held by the DMV afforded the plaintiff the process due him and, therefore, the trial court erred in concluding that "scheduling a hearing [for a date] after the suspension period has expired constitutes a denial of due process." We will uphold the trial court's ruling unless it is erroneous as a matter of law. *See State v. Symonds*, 131 N.H. 532, 534, 556 A.2d 1175, 1177 (1989).

In determining whether particular procedures satisfy the requirements of due process, we typically employ a two-part analysis. Initially, we ascertain whether a legally protected interest has been implicated. *See Bagley*, 128 N.H. at 282-83, 513 A.2d at 337. It is well-established that the privilege of holding a driver's license is a legally protected interest which may not be suspended without due process. *See State v. Mitchell*, 115 N.H. 720, 721, 349 A.2d 862, 863 (1975), *cert. denied*, 426 U.S. 940 (1976). Accordingly, we turn our attention to the second part of the analysis: whether the procedures provided the plaintiff afforded him the appropriate safeguards

against wrongful deprivation of his driver's license. *See Bagley*, 128 N.H. at 283, 513 A.2d at 337.

"The fundamental requisite of due process is the right to be heard at a meaningful time and in a meaningful manner." *Appeal of Portsmouth Trust Co.*, 120 N.H. 753, 756, 423 A.2d 603, 605 (1980). Under RSA 265:91-b, any person whose license is suspended may request an administrative review or hearing within thirty days of the date the notice of suspension is issued. *See* RSA 265:91-b, I(a) (1993). In this case, there is no dispute that the DMV conducted a properly noticed and timely hearing at which the plaintiff, represented by counsel, had the opportunity to present arguments and evidence in his behalf. We have acknowledged that the procedures outlined by RSA 265:91-b were "designed to afford due process," *State v. Cassady*, 140 N.H. 46, 49, 662 A.2d 955, 958 (1995), and nothing in the record before us suggests that the administrative hearing in the plaintiff's case was inadequate for this purpose. We note, moreover, that courts in other jurisdictions have concluded that comparable procedures satisfy due process in the context of driver's license suspensions. *See, e.g., Powell v. Secretary of State*, 614 A.2d 1303, 1307 (Me. 1992); *Spaulding v. Howlett*, 375 N.E.2d 437, 441 (Ill. App. Ct. 1978).

Because the plaintiff received the process he was due in the circumstances of this case, the trial court erred in granting his motion to dismiss. As the defendant does not dispute the plaintiff's statutory right to a record review of the administrative hearing, *see* RSA 263:75, we remand to the trial court to conduct that review in the first instance.

*Reversed and remanded.*

BROCK, C.J., concurred specially; the others concurred.

BROCK, C.J., concurring specially: I concur in the result reached by the majority in this case. I write specially because even if the administrative procedures provided under RSA 265:91-b (1993) (amended 1995) are sufficient to satisfy the requirements of due process, as the majority holds, I believe that the delay in scheduling the plaintiff's record review violates the statutory mandate that such review occur "[a]t the earliest practical time." RSA 263:75, II (Supp. 1996).

On May 25, 1995, the plaintiff filed a timely petition for review of the administrative decision sustaining his license suspension. *See* RSA 263:75, I (Supp. 1996). Soon thereafter, on June 7, the superior court issued an order of notice scheduling the review hearing on June 26, 1995. Apparently, the order was issued improperly, in that

680

it did not reflect statutory revisions which had become effective on January 1, 1995, *see* RSA 263:75 (Supp. 1996), and the division of motor vehicles notified the court of the error. The court did not issue a new order of notice until July 17, 1995, notifying the parties that the court would begin its review of the record after November 4, 1995, approximately two weeks after the plaintiff's license was scheduled to be restored. Consequently, the plaintiff would have served his entire suspension before receiving a record review of that suspension.

By providing for record review of license suspensions "[a]t the earliest practical time," RSA 263:75, II, the legislature has requested expedited review by the superior court, as it has in many other contexts, *see, e.g.*, RSA 225-A:21 (1989) (providing that appeal of order suspending operation of passenger tramway by commissioner of safety or board be heard by superior court at "earliest convenient day"); RSA 331-A:28, III (1995) (providing that record review of revocation, suspension or denial of real estate license by real estate commission be given "priority" on court calendar). In this case, for whatever reason, the court failed to schedule the plaintiff's record review within the 180-day suspension period. The explanation for the scheduling delay is partially, but insufficiently, explained by the need to reissue the order of notice. Notably, the court was able to schedule and conduct a hearing on the plaintiff's motion to dismiss, dated August 10, 1995, less than one month later, on September 7. The Superior Court Rules provide that, upon request of counsel, motions to dismiss are to be heard "as soon as practicable." SUPER. CT. R. 58. I find it troublesome that the court was able to comply with this rule, but did not accord the record review its comparable status in scheduling. *See* RSA 263:75, II.

To be clear, the statute does not require that record review occur within the suspension period. *See* RSA 263:75. What it does require is an effort by the court to schedule such review "[a]t the earliest practical time." RSA 263:75, II. Because it appears that insufficient effort was made in the instant case, I believe the delay in scheduling the record review constituted a violation of the statutory requirement of some form of expedited review. Although the statute provides no remedy for its violation, *see* RSA 263:75, I encourage the superior court to make the appropriate effort to comply with the statute. *Cf. In re Sabrina C.*, 137 N.H. 445, 449, 629 A.2d 782, 785 (1993) (noting this court's supervisory role in enforcement of statutory mandate that probate court issue decision within sixty days of final hearing on termination of parental rights).